————o————

STATE OF MISSOURI, Respondent, *vs.* GEO. W. BARKER, Appellant. .

1. *Indictment—Acquital of burglary and conviction of larceny—Measure of larceny.*—On an indictment charging defendant in the same count with burglary and larceny, he may be acquitted of the former and convicted of the latter. (See Wagn. Stat. 455 , 456, § 19; State vs. Alexander, 56 Mo. 131.) But in such case the degree of larceny or whether the offense be larceny, or merely a misdemeanor, must be determined by the value of the property taken.

2. *Practice, criminal—Evidence—Verdict—Supreme Court will not disturb, when.*—In a criminal proceeding where the evidence is not preserved further than a general statement that it "tended to show" that the crime charged was committed, the verdict of the trial court will not be disturbed above, as against the evidence.

3. *Larceny—Indictment—Variance in name of owner, no ground of reversal, when.*—In the trial of an indictment for stealing the property of R. C. Stevens, proof that it was the property C. J. Stevens, will not under the statute of Missouri (Wagn. Stat. 1089, § 22), be ground for setting aside a verdict unless the court trying the cause shall find that the variance was in fact "material to the merits of the case, and prejudicial to the defense of the defendant."

*Appeal from Clinton County Circuit Court.*

*J. F. Harwood and Charles Ingles*, for Appellant, cited : State vs. Henley, 30 Mo. 509, close of opinion :

*J. L. Smith, Att'y Genl.*, for Respondent, cited : Kell. Crim. L., p. 309, § 573 ; State vs. Smith, 16 Mo. 550 ; State vs. Watson, 31 Mo. 360, and contended that State vs. Henley was not an authority for appellant.

HENRY, Judge, delivered the opinion of the court.

At the April term, 1876, of the Clinton circuit court, defendant and one Kennedy were jointly indicted for burglary in the second degree, and grand larceny. The indictment contained but one count and is in the usual form, and the larceny charged is the stealing of goods, wares and merchandise, specifically described, of the value of fifty dollars, and the property of R. C. Stevens and Thomas K. Smith, into whose store house, it is alleged, defendant burglariously and feloniously broke and entered.

At the same terms, there was a trial of the cause, which resulted in the acquittal of Kennedy and a verdict of guilty of grand larceny against defendant, which fixed his punishment at imprisonment in the penitentiary for two years.

Defendant, in due time, filed his motion for a new trial, which was overruled, and thereupon his motion in arrest, which was by the court also overruled, and judgment was entered against defendant in conformity with the verdict, and from that judgment he has appealed to this court.

The points insisted upon by defendant for a reversal are,

1st. That the court erred in giving for the State the third in-struction, which told the jury that defendant could be convicted of larceny, although they might not find him guilty of burglary ;

2nd. That the verdict virtually acquits Barker of the burglary, but finds him guilty of grand larceny, when the evidence shows the property found in his possession to have been worth only two dol-lars ;

3rd. That the indictment alleged that the stolen goods were the property of R. C. Stephens and Thomas K. Smith, and the proof was that they were the property of Clifford J. Stephens and Thomas K. Smith.

As to the first point § 19 (Wagn. Stat. p. 456) provides that " if any person in committing burglary, shall also commit a lar-ceny, he may be prosecuted for both offenses in the same count, or separate count of the same indictment, and, on conviction of such burglary and larceny, shall be punished by imprisonment in the penitentiary, in addition to the punishment hereinbefore prescribed for the burglary, not less than two nor exceeding five years."

It will be observed that when one in committing a burglary, also commits a larceny, he is punishable for the larceny, without regard to the value of the property stolen, to the same extent as for grand larceny ; whereas, if he had stolen the property and not at the same time committed a burglary—if the property stolen were of less value than five dollars—his offense would have been only a misde-meanor.

While a person may be indicted and charged with both burglary and larceny in one count, if acquitted of burglary and found guilty of larceny, it will still be petit or grand larceny, according to the value of the property stolen.

In the State vs. Alexander (56 Mo. 131). it was held by this court, that on such an indictment, the accused might be acquit-ted of the burglary and convicted of larceny. In Arch. Crim. Prac. and Plead. vol. 2, p. 329, speaking of burglary, it is said " the intent must be stated, and it must be to commit a felony ; and if a felony has been actually committed in the house, the intent may be, and usually is, stated to have been to commit that felony. But it seems that an indictment for burglary may in

this respect be drawn in three ways ; stating the breaking and entry to be with intent to commit a felony, stating the breaking and entry and a felony actually committed, or stating the breaking and entry, with intent to commit a felony and also stating the felony to have been actually committed. The latter is the preferable mode and that always adopted in practice ; for, if you fail to prove the felony committed, you may still convict of the burglary, or, if you fail to prove the intent, &c., you may convict of the felony."

So, it would seem. if section 19 had never been adopted, one could be indicted and charged in the same count with both burglary and larceny, and convicted of either ; and the only change it seems to have made, is, in permitting a conviction for both offenses under one count. There was therefore no error in the third instruction.

With regard to the second point, all of the evidence is not preserved in the bill of exceptions. All that it states is ; " The State proved facts tending to show that the crimes charged in the indictment (except as to the Christian name of R. C. Stevens) was committed as alleged ; and also proved facts tending to show that defendant was guilty."

The possession of a part of the stolen goods of the smallest value, in connection with other circumstances, might clearly fix the guilt of stealing all of the goods upon defendant. As the evidence is not preserved in the bill of exceptions, we cannot undertake to say that it did not support the verdict of the jury.

As to the third and last point, the indictment charges that the goods stolen were the property of R. C. Stevens and Thomas K. Smith, and the proof was that they were the property of Clifford J. Stephens and Thomas K. Smith.

In an indictment for larceny, the name of the owner of the property stolen must, if known, be accurately stated ; but § 22, Art. 4, ch. 3 (Wagn. Stat. 1089), provides that "whenever on the trial of any indictment for any felony or misdemeanor, there shall appear to be any variance between the statement in such indictment and the evidence offered in proof thereof, in the Christian name and surname," &c., "or in the ownership of any property named or de-

scribed therein, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the mer-its of the case, and prejudicial to the defense of the defendant." There was a variance between the allegation of ownership and the proof, and such a variance, as at common law would have been fatal, but the section above quoted cures the variance, unless the court trying the case shall find that "it was material to the merits of the case, and prejudicial to the defense of the defendant."

In this case the court has not so found, but we are to assume, from the instructions given, that the variance was not regarded by the court as material to the merits of the case.

With the concurrence of the other judges, the judgment is af-firmed.