THE STATE v. WAMMACK, *Appellant.*

1. **Criminal Law**: VARIANCE IN NAME: EVIDENCE: PRACTICE. Where the court which tried an indictment for assault, has expressly found a variance between the real name of the party assaulted and the name as given in the indictment, to be immaterial and not prejudicial to the defendant, the Supreme Court will not set aside a judgment of conviction. Under the statute, (Wag. Stat., § 22, p. 1089,) the trial court is the judge of the materiality of the discrepancy.

2. ——: GRAND JURY: EVIDENCE. When such a discrepancy has been shown to exist, it is not admissible to show by the testimony of a member of the grand jury who was meant by that body.

*Appeal from Webster Circuit Court.*

AFFIRMED.

*F. S. Heffernan* and *J. Ney Foster* for appellant.

1. The variance was fatal. *State v. Fay,* 65 Mo. 490; *State v. English,* 67 Mo. 136; 19 Mo. 239; *State v. Curran,* 18 Mo. 320; *State v. Havely,* 21 Mo. 498; *State v. Blankenship,* 21 Mo. 504; Russ. & Ry. 351; 10 East 83; 5 Taunt. 14; 1 Baldw. 83; 2 Crom. & M. 189; 6 Price 2; 1 Chit. 659; 13 E. C. L. 194; 3 Chit. Pr. 231, 232; 4 T. R. 611; 3 B. & P. 559; 1 Stark. 47; 2 Stark. 29; 3 Camp. 29; 6 M. & S. 45; 2 N. H. 557; 7 S. & R. 479; 3 Caines 219; 1 Wash. C. C. 285; 4 Cow. 148. 2. Section 25, Wag. Stat., 1090, does not affect the theory of the defense in this case, as that section refers to the wrong name or the party indicted and not to the party assaulted. In indictments the names of third persons must be correctly stated. Rosc. Cr. Ev. R. 78; 18 E. C. L. 149; 10 East 83 n.; Bac. Ab. h. t.;

Dane's Ab. h. t.; 1 Vin. Ab. 7 ; 15 Vin. Ab. 466; 2 Phil. Ev-
2, n. b.

*J. L. Smith,* Attorney-General, for the State.

1. The circuit court having found the variance to be
immaterial and not prejudicial, the defendant was not en-
titled to an acquittal.. *State v. Barker,* 64 Mo. 282. 2. As
the issue on which the testimony of Copening was offered,
was one exclusively for the trial court, it necessarily fol-
lows that its competency or relevancy was also for that
court. The language of the statute precludes a review of
the ruling of the trial court as regards the question of va-
riance, and on the same principle it is precluded from
reviewing the correctness of the ruling of that court in
admitting evidence on this issue.

SHERWOOD, C. J.—Our statute expressly commands
that, " Whenever, on the trial of any indictment for a fel-
ony, there shall appear to be any variance
between the statement in such indictment,
and the evidence offered in proof thereof in
the christian name    *    *    of any person whomso-
ever therein named,    *    *    such variance shall not
be deemed grounds for an acquittal of the defendant, unless
the court before which the trial shall be had, shall find that,
such variance is material to the merits of the case and
prejudicial to the defense of the defendant." Wag. Stat.,
§ 22, p. 1089. So that the objection to the evidence that
it showed an assault on one *Eyre Pile,* and not on *M. E.
Pile,* as charged in the indictment, was not well taken, since
the trial court has not found that the " variance is material
to the merits of the case and prejudicial to the defense of
the defendant." It is obvious that the statute constitutes
the trial court the judge of the materiality of any discrep-
ancies between the charge in the indictment and the evi-
dence offered in its support, and that, under the statute,
the defendant will not be entitled to an acquittal, unless

*1. CRIMINAL LAW: variance in name: evidence: prac- tice.*

the court finds the variance between accusation and proof so great as to call for judicial interposition. *State v. Barker,* 64 Mo. 282. In the present instance the court has not only failed to make a finding of the character indicated, but, on the contrary, the second instruction, on behalf of the State, in these words: 2. " In arriving at your verdict, you will disregard the difference between the name of Eyre Pile who has testified in this case relative to the defendant's assaulting him, and the name of M. E. Pile set forth in the indictment as that of the party assaulted, such difference of names not being material to the merits of this case, and not prejudicial to the defense of the defendant," shows clearly that the trial court did not regard the defendant prejudiced by the variance.

We do not think that the testimony of Copening, the foreman of the grand jury, was competent in order to show whom that body meant by " M. E. Pile;" but under the view already taken, the error was immaterial and no ground for a reversal.

2. ——: grand jury: evidence.

The statement made by counsel that no name was proved, is flatly contradicted by the record. All concur. Judgment affirmed.