## THE STATE v. SHARP, *Appellant.*

1. **Murder**; DELIBERATION. The trial court, in defining the crime of murder in the first degree, charged that, " deliberately means intentionally, purposely, considerately ; therefore, if the defendant formed a design to kill, and was conscious of such purpose, it was deliberate." *Held*, error.

2. **Variance.** A variance between the true name of the deceased

and the name as given in an indictment for his murder, will not prevent conviction unless the trial court finds it to be material to the merits of the case and prejudicial to the defense.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Beech & Lane* for appellant.

*J. L. Smith,* Attorney-General, for the State.

SHERWOOD, C. J.—I. The defendant was indicted for the crime of murder in the first degree; the name of the person on whom the murder was alleged in the indictment to have been perpetrated, was " Martin Edward Hogan." On trial had the jury by their verdict found the defendant guilty of murder in the first degree, and he was thereupon sentenced in conformity to the verdict.

We shall enter on no discussion of the testimony, as to the degree of homicide which it establishes, as we re-

1. MURDER: delib- gard a fatal error as having been committed
eration. in the giving by the court, of its own motion, the second instruction on behalf of the State. That instruction is as follows: " Willfully means intentionally, and not accidentally; therefore, if the defendant intended to kill, such intention was willful. Deliberately means intentionally, purposely, considerately; therefore, if the defendant formed a design to kill, and was conscious of such a purpose, it was deliberate. Premeditatedly means thought of beforehand, for any length of time, however short; and malice signifies a condition of the mind, an unlawful intention to kill, or do some great bodily harm to another, without just cause or excuse. Aforethought means thought of beforehand, for any length of time, however short." This instruction is clearly faulty, in that it does not correctly define the word "deliberately." To constitute murder n the first degree, there must concur willfulness, delibera-

tion, premeditation and malice aforethought. The first nstruction clearly stated in general terms what was necessary to constitute the crime of murder in the first degree, but the terms used in that instruction needed to be explained, so that the jury might fully understand their true import. This explanation of the words used in the first instruction was attempted in the second instruction, but with a signal lack of satisfactory results. "Deliberately" is said to mean that which is done in a cool state of the blood. A homicide may be thought of beforehand—that is premeditated and intentionally done—and still, if the element of deliberation be lacking, the homicidal act will be only murder in the second degree; so that it will be readily seen that "deliberately" does not, as defined in the objectionable instruction, mean intentionally or purposely done; otherwise, every act of intentional killing, done with premeditation and malice, would carry with it the element of deliberation, and amount to murder in the first degree, for it is held that "all intentional homicides committed with premeditation and malice, but without deliberation, must be murder in the second degree," and that "murder in the second degree is such a homicide as would have been murder in the first degree if committed deliberately."

And we do not regard the definition of the word "deliberately" as made any clearer by the words which follow the word "purposely" in the same clause. Even if we grant that the word "considerately" is a synonym of "deliberately," still "considerately" is not defined, and the jury were as much in the dark as if the word being defined had been merely repeated in the explanatory sentence. Nor do we think the matter is helped by the addition of the words that, "if the defendant formed a design to kill, and was conscious of such a purpose, it was deliberate," because every intentional killing, a killing with premeditation, as above seen, only makes murder in the second degree; and it is impossible to conceive of such a killing unaccompanied by a previously formed design to kill, or

of the forming of such a design, without a consciousness of its purpose. Thus the jury were in effect told that deliberation was an ingredient of murder in the second degree, and that, therefore, there was no distinction between the two degrees of murder. Had the jury been told that " deliberately" meant in a cool state of the blood, and that if in such a state of the blood the defendant formed a design to kill, the act would have been deliberate, the instruction taken as a whole, and in connection with its other definitions, would perhaps have been unobjectionable. As it is, we cannot give it our sanction. The foregoing views are fully supported by the cases of *State v. Wieners*, 66 Mo. 12, and *State v. Curtis*, 70 Mo. 594.

II. In relation to the point that there was a variance between the name of the deceased, and that mentioned in 2. VARIANCE. the indictment, it suffices to say that such variance is immaterial, unless the trial court finds it " material to the merits of the case, and prejudicial to the defense of the defendant." There has been no such finding in the case. R. S. 1879, p. 307, § 1820; *State v. Wammack*, 70 Mo. 410. Judgment reversed and cause remanded. All concur, except NORTON, J., who dissents.