The State v. Smith.

THE STATE v. SMITH, *Appellant.*

1. **Assault with Intent to Rape**: INDICTMENT. An indictment for an assault with intent to commit a rape, need not set forth the manner or means of the assault charged. The general averment that the assault was made with the intent to ravish, is all that is requisite, and the details as to the mode and means of the act, are matters of evidence.

2. **Assault**: ATTEMPT: INTENT. An assault with intent may exist without an actual attempt. There need not be a direct attempt at violence, but indirect preparations toward it will, in certain circumstances, constitute an assault, and the intent to use force may be inferred from the circumstances.

3. **Instructions.** Where there is a conviction for a higher offense, a defendant cannot complain of an instruction authorizing a conviction for a lower. And it is not error to refuse instructions when those given fairly present the case to the jury,

4. ———: READING TO THE JURY. Revised Statutes, section 1908, does not require that the instructions should be read to the jury in the first instance, by the judge himself.

5. **Indictment**: VARIANCE. Where the indictment charges the assault was made on *Olive Hodson,* and the evidence shows that it was *Mrs. Hodson, Held,* no variance material to the merits of the case, since the court below did not so find, and that finding is the test on this point.

6. **Discretion of Court**: WITNESS. Where a witness was not subpœnaed, and no diligence used to procure his attendance, it is within the discretion of the trial court to refuse to allow him to testify after the case is closed, but before it is submitted to the jury.

*Appeal from Jasper Circuit Court.*—HON. JAMES R. SHIELDS, Special Judge.

AFFIRMED.

*W. P. Campbell* for appellant.

The verdict is against the evidence. To maintain the indictment, the prosecutrix must prove an attempt at penetration, or prove a struggle with the prisoner, showing from his acts or expressions that his intent was to have connection with her. 1 Arch. Crim. Pr., 1012. The verdict was contrary to the law, as declared by the court. The instructions should have been read to the jury by the court. R. S., § 1908. An indictment charging an assault with intent to commit a rape, must specify the manner and means of the assault, and the character of the force used. The motion in arrest of judgment should, therefore, have been sustained.

*D. H. McIntyre*, Attorney General, for the State.

The indictment is not defective in failing to specify the manner and means of the assault, and the character of the force used in making the same. *State v. Meinhart*, 73 Mo. 562. And the verdict is not against the evidence. 2 Bish. Crim. Law, (6 Ed.) § 1122, p. 620 ; *Reg. v. Mayers*, 12 Cox C. C. 311 ; *Carter v. State*, 35 Ga. 263 ; *Sharp v. State*, 48 Ga. 16. The point that the Mrs. Hodson, who testified upon the trial, was not proven to be the *Olive Hodson* named in the indictment, is not well taken; it constituted no variance. R. S., § 1820 ; *State v. Barker*, 64 Mo. 282. The statute does not mean that the court, itself, must read the instructions. The attorneys may do so. R. S., § 1908. The remarks of the prosecuting attorney cannot properly be assigned as error. *State v. Emory*, 79 Mo. 461.

I.

SHERWOOD, J.—The defendant was convicted of an assault with intent to commit a rape. The indictment is well enough. It was not needful that it set forth the manner, means or mode of the assault charged. The general aver-

ment that an assault was made with the intent, etc., was all that was requisite; details as to the mode, are immaterial and unnecessary, not necessary to be incorporated in the indictment, as the circumstances evincive of the design with which the act was done, are regarded as matters of evidence to demonstrate the intent to the jury. Wharton Crim. Plead. and Prac., § 159; 1 Wharton Crim. Law, § 644; Wharton Prec. of Indict., 253, *et seq*; *State v. Chandler*, 24 Mo. 371; 3 Chitty Crim. Law, 828.

## II.

It is claimed that there is no evidence to justify the verdict. I entertain a different opinion. An assault is defined to be: "An inchoate violence to the person of another with the present means of carrying the intent into effect." 2 Greenleaf Ev., § 82. An assault with intent, may exist without the actual attempt. *Regina v. Dungey*, 4 F. & F. 102, and note. There need not be a direct attempt at violence, but indirect preparations toward it, will, in certain circumstances, constitute an assault. 1 Selw. N. P., 27; Bull. N. P., 15; 3 Chitty Crim. Law, 821. Thus it has been held that where the prisoner decoyed a female under ten years of age into a building, and was detected within a few feet of her in a state of indecent exposure, although he had not touched her, that he was properly convicted of assault with intent to commit a rape. *Hays v. People*, 1 Hill 351. The intent to use force may be inferred from the circumstances. Thus in one case the prosecutrix awoke; she found the defendant in bed with her, holding her by the wrist, and he escaped when she called on the family for help; it was held there was evidence sufficient to convict him of an assault with intent to ravish. *Carter v. State*, 35 Ga. 263; I Whar. Cr. Law, § 576 a.

In the case at bar the defendant was discovered about two o'clock in the morning in the bed where Mrs. Hodson, her husband and a little child were sleeping. The blanket had been moved from her person and she lay on her back,

and stooping over her, and with his face within a foot of hers, the defendant is discovered with nothing on but his shirt, on his knees with his hands resting on each side of the prosecutrix. What was he there for? Certainly not to say his *pater noster*. It may be that he thought he could gratify his cumulative concupiscence by successfully personating the woman's husband. Or, it may be he was so inflamed with fleshly lust as rashly to imagine that, despite the unpropitious surroundings, he could storm the citadel of virtue before successful resistance could snatch his prey from him. It is wholly immaterial whether he entertained the idea of fraud or force; there was sufficient evidence for the jury to have found either way, and by their verdict they have negatived the idea of fraud and affirmed that of force, and this ends that matter. As bearing on the question of intent in similar circumstances and situations: *State v. Eddings*, 71 Mo. 545; *State v. Carpenter*, I Houston Cr. Rep. (Del.) 367; *State v. Neely*, 74 N. C. 425.

### III.

So far as concerns the instructions as to insanity, and as to reasonable doubt, they are in accord with those heretofore approved by this court. And as to the second instruction, given at the instance of the prosecuting attorney which would have sanctioned a verdict of the jury for a common assault, it is scarcely necessary to say, that as the jury have found the defendant guilty of a higher offense, such an instruction could have worked him no hurt. And since the instructions given were sufficiently fair the refusal of others constitutes no error. As to the point that the instructions should have been read in the first instance to the jury by the court, to-wit by the judge himself, it suffices to say that section 1908 does not require that this be done any more than it requires that the instructions be actually written by the court, merely because that section prescribes that " the court must instruct the jury in writing." Even

if it be assumed that the section being considered is mandatory, as counsel claim, from no part of it can it be gathered, or so much as reasonably inferred that the court was either expected to write the instructions for the jury, or to read them to the jury after they have been written.

## IV.

Nor is there anything in the point that the indictment charges that the assault was made on Olive Hodson and the evidence shows that it was Mrs. Hodson. The court before which the trial was had did not find that the variance was material to the merits of the case, or prejudicial to the defense of the defendant, or else, doubtless, it would have directed an acquittal. The statute governs this. R. S., 1879, § 1820; *State v. Wammack*, 70 Mo. 410; *State v. Sharpe*, 71 Mo. 218.

## V.

It was within the discretionary powers of the court to to refuse to admit Dr. Mathews to testify on behalf of the defendant, after the case was closed, but before it was submitted to the jury. The Dr. had not been subpœnaed, nor had any diligence to secure his attendance been shown. *Roach v. Colbern*, 76 Mo. 653.

## VI.

The case of *State v. Emory*, 79 Mo. 461, is an answer to the objections taken to the closing remarks of the prosecuting attorney. The judgment for these reasons should be affirmed. All concur.