THE STATE v. WILLIAM NELSON, *Appellant*.

1.  **Practice:** ERROR IN INSTRUCTIONS: MOTION FOR NEW TRIAL. Error in giving instructions must be made a ground for new trial in the motion filed for that purpose, and if this is not done the instructions cannot be reviewed in the appellate court.  It is not enough that exceptions are saved at the time the instructions are given.

2.  **Practice, Criminal**: BURGLARY: INDICTMENT: OWNERSHIP: VARIANCE. An indictment for burglary should allege the ownership of the burglarized building to be in the husband and not in the wife, where the building is rented and the wife lives therein with the husband. A variance between the statements in the indictment and the evidence in this respect would be fatal at common law, but under the statute it will not be ground of reversal where the trial court has failed to find that it was material to the merits of the case and prejudicial to the defense. ( R. S. 1889, sec. 4114.)

3.  ————: LARCENY: OWNERSHIP: VARIANCE. To sustain an indictment for larceny at common law the goods alleged to have been stolen must be proved to be either the absolute or special property of the alleged owner. But where the goods were alleged to be the property of the mother, and the proof shows them to belong to her daughter living in the same house with her, the variance will not be fatal under the statute where the defense has not been prejudiced by it. (R. S. 1889, sec. 4114.)

*Appeal from St. Louis Criminal Court.*—HON. JAS. C. NORMILE, Judge.

AFFIRMED.

*Marshall F. McDonald* for appellant.

(1) Elizabeth F. Van Duzer, being a married woman living with her husband, could not, in law, be the owner of the dwelling-house alleged to have been broken into; the ownership of the dwelling-house should have been laid in her husband; for "a house tenanted by a married woman is, in law, the house of her husband, and in case of burglary the ownership should be laid in the husband." 1 Wharton, Criminal Law [ 9 Ed.] sec. 800; *Bogert v. Frier*, 11 East. 150; *Rex v. Smith*, 5 Car. & P. 202; *Snyder v. People*, 26 Mich. 106; *State v. Wincraft*, 76 N. C. 38. The statute will not cure a defect of this character. (2) According to the testimony introduced Elizabeth F. Van Duzer was not the real or the special owner of the property alleged to have been

stolen. Hence, another and still more fatal variance between the allegations in the indictment and the proof offered in support thereof was disclosed. "To sustain an indictment for larceny, the goods alleged to have been stolen must be proved to be either the absolute or special property of the alleged owner." 1 Wharton's Crim. Law [ 9 Ed. ] sec. 932, and cases cited ; *Commonwealth v. Davis*, 9 Cush. 283 ; *Davis v. State*, 17 Ala. 415 ; *Commonwealth v. Williams*, 9 Gray, 337 ; *Merriweather v. State*, 33 Tex. 789. The error is not such a one as can be cured by section 4114 of the Revised Statutes of 1889.

*John M. Wood*, Attorney General, and *A. C. Clover*, Circuit Attorney, for the State.

" Ownership is one thing in one offense and another thing in another. Burglary is a disturbance, not of the fee of the building regarded as real estate, but of its habitable security. Therefore, in burglary, ownership means any possession which is rightful as against the burglar." 2 Bishop Crim. Proc. [ 3 Ed. ] sec. 137. While, if the indictment had charged the ownership of the building in a person wholly independent of and separate from Mr. Van Duzer, and who in fact had no connection with the building, there might have been good suggestion of variance, yet we think in this case the charge and proof perfectly coincided, since it was the dwelling-house of Elizabeth Van Duzer, although a *feme covert* dwelling with her husband who was the legal and actual head of the household. Nor do we think the variance as to the ownership of the property such as would have warranted the trial court in directing an acquittal. It certainly is not such as would justify this court in reversing the judgment. " Whenever upon the trial of any felony * * * there shall appear to be any variance between the statement in the indictment * * * and the evidence offered in proof thereof * * * in the

ownership of any property named or described therein, such variance shall not be deemed ground for the acquittal of the defendant unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant." R. S. 1879, sec. 1820; R. S. 1889, sec. 4114. This section has been repeatedly upheld by this court in a variety of cases, and has been ruled not to apply only in cases under the fraud act ( R. S. 1879, sec. 1561 ), where the form of indictment is specifically prescribed in terms. *State v. Horn*, 93 Mo. 190.

BLACK, J.—The defendant William Nelson and Joseph Sutter were jointly indicted for burglary and larceny. Sutter was acquitted, and Nelson was found guilty of both offenses.

While exceptions were taken to the instructions given by the court, no complaint was made of them in the motion for a new trial. Error in giving instructions must be made a ground for new trial in the motion filed for that purpose, and if this is not done the instructions cannot be reviewed by this court. It is not enough that exceptions are saved at the time the instructions are given. The reason of the rule is, that the trial court must be called upon to correct its own errors made during the progress of the trial, and this is done by specifying the grounds upon which a new trial is asked. It is manifest from an inspection of this bill of exceptions that it was prepared with a view of presenting only the questions of variance, and it would be gross injustice to the state to review the instructions under such circumstances.

The substance of the charge in the indictment is, that the defendants broke into the dwelling-house of Elizabeth F. Van Duzer, and stole therefrom one lot of jewelry of the value of forty dollars, and one gold watch of the value of fifty dollars, all the property of

Elizabeth F. Van Duzer. The evidence for the state shows that Elizabeth F. Van Duzer was a married woman living with her husband and family in a house rented by him, being number 2743, Geyer avenue, in the city of St. Louis; that her daughter Gertrude Van Duzer, then past eighteen years of age, occupied a room in the second story as her bedroom; that on the thirteenth of February, 1889, the defendants entered the house by breaking open an outer door of the basement; that they then ascended to the second story and took from a bureau in the room occupied by Gertrude a lot of jewelry belonging to Gertrude of the value of fifty dollars. The defendant introduced evidence tending to show an *alibi*.

Elizabeth F. Van Duzer being a married woman living with her husband in a house rented by him, there can be no doubt but the house was the dwelling-house of her husband, and the ownership should have been so laid in the indictment. It is equally clear that Gertrude Van Duzer was the owner of the property stolen, and that Elizabeth F. Van Duzer was neither the general nor special owner of it. There is, therefore, a variance between the indictment and proof, both as to the ownership of the dwelling-house, and as to the ownership of the property stolen therefrom. At common law such a variance would be fatal. 1 Russell on Crimes [7. Am. Ed.] 826. "Ownership," says Bishop, "must be proved as laid, because it is descriptive of the identity of the offense, distinguishing it from all other instances." 1 Bishop Crim. Procedure [3 Ed.] sec. 488 *b*. "If a burglary be alleged to have been committed in the dwelling-house of J. G., and the fact is that it is the dwelling-house of J. S., the defendant must be acquitted for the variance." Whart. Crim. Ev. [8 Ed.] sec. 94. So, too, to sustain an indictment for larceny, the goods alleged to have been stolen must be proved to be either the absolute or special property of

the alleged owner. 1 Whart. Crim. Law [ 9 Ed.] sec. 932.

These citations are sufficient to show that the variance would be fatal at common law, both as to the charge of burglary and as to the charge of larceny, and it only remains to be seen whether the defect in the proof is cured by section 1820 of the Revised Statutes, 1879, which is the same as section 4114, Revised Statutes, 1889, and which provides : " Whenever, on the trial of any felony or misdemeanor, there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof, in the christian name or surname or both christian name and surname * * * of any person whomsoever therein named or described, * * * or in the owner-ship of any property named or described therein, such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case, and prejudicial to the defense of the defendant."

Under this statute it has been held on indictments for murder, rape and larceny that a variance in the christian name or surname of the person killed, assaulted, or the owner of the property stolen, would not work an acquittal of the defendant, unless the trial judge found that the variance was material and preju-dicial to the defense. *State v. Sharp*, 71 Mo. 218 ; *State v. Sneed*, 91 Mo. 552 ; *State v. Wammack*, 70 Mo. 410 ; *State v. Smith*, 80 Mo. 516 ; *State v. Barker*, 64 Mo. 282. The cases cited do not, it is true, go quite so far as the case in hand ; for in this case there is more than a variance in the christian name or surname. There is here a complete variance in the ownership, both of the dwelling-house and of the property stolen, but the statute provides expressly for such a case. When we look at the circumstances disclosed by the evidence, it

is very clear that the variance could not, and did not, in the least prejudice the defendant's defense. The merits of the case in nowise depended upon the question whether the husband or the wife was the owner of the house burglarized ; nor upon the question whether the mother or daughter was the owner of the jewelry. The court did not find that the variance was material to the merits of the case and prejudicial to the defense. On the contrary the court overruled the objection to the evidence showing the ownership of the jewelry, and subsequently refused to strike it out, and submitted the case to the jury. The trial court must have been of the opinion that the variance in both respects was immaterial. The variance is cured by the statute and the failure of the trial judge to make the required finding.

In reaching this conclusion we have not overlooked *State v. Horn*, 93 Mo. 190. That was an indictment for obtaining money from *John F.* Adams by means of a false pretense, drawn according to the short form given in section 1561, Revised Statutes, 1879. The name of the person defrauded was *Joseph* Adams, and the variance was held to be fatal. The ruling goes upon the ground that as the statutory form had been held to be constitutional mainly on the ground that it required the name of the person defrauded to be given and thereby sufficiently indentified the accusation, the name of the defrauded party became a necessary part of the indictment and should be truly stated. It was then said: " And it will further follow, that such omission cannot be supplied or cured by other sections of the statute sufficient for such purpose in a general way ; " thus showing that the ruling was confined to indictments drawn under that section of the statute.

The judgment is affirmed. All concur.