The State v. Shroyer.

THE STATE v. SHROYER, *Appellant.*

DIVISION TWO.

1. **Rape, Assault to Commit:** VIOLENCE. It is not necessary to constitute an assault with intent to rape that actual violence should have been used.

2. —— : ——. It is not even necessary that the person of the one upon whom the attempt is intended should be touched. If the intent with the present means of carrying it into effect exists and preparations therefor have been made the assault is complete.

3. —— : ——. It is immaterial in such case whether the sexual connection was to be accomplished by actual physical force or while the victim was asleep.

4. —— : EVIDENCE : REPUTATION OF DEFENDANT. Where a defendant in such case testifies in his own behalf, his general reputation for virtue and chastity may be assailed by the state.

5. Criminal Practice : REOPENING CASE : JUDICIAL DISCRETION. The refusal of the trial court to reopen the case to permit a defendant to offer additional evidence will not afford a ground for reversal, where it does not appear that the discretion of the court was unfairly or unsoundly exercised.

6. —— : INSTRUCTIONS : ALIBI. The general instruction given to the jury in this case that if they had reasonable doubt of defendant's guilt they should acquit him *held* to have sufficiently embraced the law arising on the effect of the evidence offered tending to prove an *alibi*.

*Appeal from Holt Circuit Court.* — HON. C. A. ANTHONY, Judge.

AFFIRMED.

*T. C. Dungan* for appellant.

(1) The court should have given the instruction asked at close of evidence for the state, as there was no evidence of any assault, or attempted force, or of an intent to commit a rape, and the verdict is entirely unsupported by the evidence. *State v. Burgdorff,* 53 Mo. 65; *State v. Mansfield,* 41 Mo. 470; *State v. Marshall,* 47 Mo. 378; *State v. Perkins,* 11 Mo. App. 82; *State v. Priestly,* 74 Mo. 24; *Burney v. State,* 21 Texas App. 565, and cases cited; *Milton v. State,* 4 S. W. Rep. (Texas) 574; *Turner v. State,* 5 S. W. Rep. (Texas) 511; *McCullough v. State,* 5 S. W. Rep. (Texas) 839; *State v. Hagerman,* 47 Iowa, 151; *State v. Canada,* 27 N. W. Rep. (Iowa) 288; *State v. Kendall,* 34 N. W. Rep. (Iowa) 843; *Coleman v. State,* 9

S. W. Rep. (Texas) 609; 35 Texas, 481; *Jones v. State*, 8 South. Rep. (Ala.) 383. (2) The defendant's reputation for chastity and virtue was not in issue, and the evidence admitted thereon by the court against defendant's objection had a tendency to influence the jury to the prejudice of the defendant, as he was on trial for an offense involving a want of chastity, and the court erred in admitting the evidence. *State v. Clawson*, 30 Mo. App. 139; *Carthaus v. State*, 47 N. W. Rep. (Wis.) 629. (3) The first instruction given for the state was wrong—an assault could not be made by crawling or moving up beside prosecutrix, or so near to her that he could touch her, or by simply touching her person while sleeping, after crawling or moving up beside her, or so near to her. *Carroll v. State*, 6 S. W. Rep. (Texas) 190, and cases cited; *Johnson's Case*, 18 Texas App. 385; *Jones v. State*, 18 Texas App. 485; *Burney v. State*, 21 Texas App. 565. (4) The second instruction for the state was also erroneous. *Carroll v. State*, 6 S. W. Rep. 190. (5) Instruction, numbered 3, asked by defendant, defining an assault, should have been given, and the court erred in refusing same. *Carroll v. State*, 6 S. W. Rep., *supra*, and cases cited. (6) The court should have given an instruction on the effect of the evidence adduced tending to prove an *alibi*. *Coleman v. State*, 9 S. W. Rep. (Texas) 609; *State v. Howell*, 100 Mo. 628. (7) The court erred in overruling defendant's motion for a new trial, for the reason therein stated. See authorities above cited. (8) The court also erred in overruling defendant's motion in arrest of judgment. *Coleman v. State*, 9 S. W. Rep. (Texas) 609; *Hamilton v. State*, 11 Texas App. 116; *Turner's Case*, 24 Texas App. 12.

*John M. Wood*, Attorney General, for the State.

(1) The indictment charges the offense substantially in the language of the statute, and is sufficient.

R. S. 1879, sec. 1263; *State v. Meinhart*, 73 Mo. 562]; *State v. Little*, 67 Mo. 624; *State v. Smith*, 80 Mo. 516. (2) Instructions, numbered 1 and 2, given by the court on the part of the state, and numbers 1 and 2, given at the request of the defendant, properly declared the law as to the offense charged. *State v. Smith*, 80 Mo. 516; *State v. Eddings*, 71 Mo. 545; *State v. Montgomery*, 63 Mo. 296. (3) The third, fourth and fifth instructions given on the part of the state, in relation to the credibility of the witnesses, defendant's testimony and reasonable doubt, are the usual instructions given upon those subjects. (4) The third instruction prayed for by the defendant was properly refused. In the case of *State v. Smith*, 80 Mo. 516, the court says: "An assault with intent may exist without the actual attempt. There need not be a direct attempt at violence, but indirect preparation toward it will in certain circumstances constitute an assault." The court, in instruction, numbered 2, given on the part of the state, defined the term assault in accordance with the law announced in *State v. Smith*, *supra*. (5) The instructions as a whole fairly presented the law of the case to the jury, and this court will not reverse for any slight defect or impropriety in any particular instruction. *State v McClure*, 25 Mo. 338; *State v. Hopper*, 71 Mo. 425; *Noble v. Blount*, 77 Mo. 235. (6) The court did not err in refusing to reopen the case, and to allow defendant to introduce evidence as to his character a day after he had closed his case. This is a matter within the discretion of the court. *Pearce v. Danforth*, 13 Mo. 360; *Harvey v. Brooks*, 36 Mo. 493; *Van Studdiford v. Hazlett*, 56 Mo. 322; *Nelson v. Betts*, 21 Mo. App. 219.

MACFARLANE, J.—Defendant was indicted, tried and convicted of an assault with intent to commit a rape upon Arminta Murphy.

The circumstances of the assault, as gathered from the evidence, were in substance as follows : The house of Patrick Murphy consisted of two rooms, the one on the south fronting the road, and the other north of it. At the time of the assault Patrick Murphy was absent from home. His children, Catherine, the eldest, Arminta, about fourteen years of age, and two sisters and a brother, all younger than Arminta, were at home. On the night of August 23, 1876, these children all slept in the south room of the house. This room had a door in the south, and a window on each side of the door. The night being very warm all the children, except Catherine, slept on the floor. Catherine was upon the bed. The door was left open.

Catherine, the only witness who saw the alleged assault, testified : "I first heard a noise, heard the door sill creak, but thought it was the dog. I looked round and saw the defendant, saw Shroyer, on his hands and knees in the door ; he crawled to brother, laid his hand on him, and then crawled round about their feet to Alice, who was lying in the middle, and touched her, then crawled over to Arminta, crawled up by the side of her, and put his hand on her arm ; none of them moved. Arminta was lying on her left side with her face towards the east, he was lying close to her on the east side, with his face towards her face, when he was lying down, lying just up against her. He lay that way for a minute, then he kind of raised partly up and looked round the room. Then he took his left hand and begun to unfasten his pants. The moon was shining out doors and he was almost between me and the door. I could see that he was unbuttoning his pants. I hallooed and he lay down again as if to hide, and was still a moment. I hallooed again ; he then partly rose, crawled towards the door quickly on his hands and knees ; as he got about the door, he rose up on his feet and went out."

I.  Defendant insists that the evidence did not sustain the charge of the indictment, and does not justify the verdict. It was not necessary in order to constitute an assault, that actual violence should have been used. To sustain such an indictment it is not even necessary that the person of the one upon whom the attempt is intended should be touched. If the intent, with the present means of carrying it into effect, exists, and preparations therefor have been made, the assault is complete. *State v. Smith*, 80 Mo. 518; *State v. Montgomery*, 63 Mo. 296; *State v. Eddings*, 71 Mo. 545; 1 Whart. Crim. Law, sec. 576.

It was the evident intention of defendant to have connection with the girl without her consent, and whether it was to be by actual physical force, or during the unconsciousness of sleep, is wholly immaterial. There could have been no consent while the intended victim slept. *State v. Eddings*, 71 Mo. 545; *Queen v. Dee*, 31 Alb. L. Jour. 43; *Reg. v. Meyers*, 12 Cox. Crim. Cas. 311; *Harvey v. State*, 14 S. W. Rep. 645; *State v. Smith*, 80 Mo. 518, and authorities cited. The acts and conduct of defendant left no doubt of his criminal intent.

II.  Defendant testified as a witness, upon the trial in his own behalf, and, in rebuttal, the state introduced evidence to discredit his testimony. The impeaching witnesses were permitted, over defendant's objection, to testify as to defendant's general reputation for virtue and chastity. Defendant claims that error was committed in doing so.

The authorities are not harmonious on this question. It is held in some states that the impeaching testimony must be confined to the reputation of the witness for truth and veracity, and in others that it may be properly extended to general moral character, and in others, again, to moral character in particular respects. A collection of the authorities may be found in 30 Cent. Law Jour. 241. This court has followed

the rule that, in discrediting a witness, the inquiry may not only be extended to his general character, but to his character in respect to particular matters, as sobriety and chastity. *State v. Shields*, 13 Mo. 236; *State v. Grant*, 76 Mo. 236; *State v. Rider*, 95 Mo. 486. This rule seems to be in conflict with the current of authority, but no reason can be seen why it should be changed. The *Rider* case above cited allows the reputation for chastity to be shown to discredit a male as well as a female witness, contrary to an intimation of this court in the *Grant case*, 36 Mo. 236. That there should be a distinction made between the sexes in this respect cannot be justified on the grounds usually given. If it be true that the general character of a man is not affected by his reputation for unchastity, the evidence of such reputation will do him no injury.

III. The day after both parties had closed their case, defendant asked the privilege of introducing other testimony in support of the reputation of defendant for truth and morality. This the court refused, and its action is assigned as error. This was a matter almost entirely within the discretion of the court, and it does not appear that the discretion was unfairly or unsoundly exercised and its action is not cause for reversal. *Harvey v. Brooks*, 36 Mo. 493; *Van Studdiford v. Hazlett*, 56 Mo. 322. The reputation of a witness is always open to attack without notice to the opposite party. A party should come prepared to meet such attacks. Particularly should this be the case where a party to a suit or prosecution intends to testify in his own interest.

IV. The instructions given the jury by the court are fair and properly declare the law. The only objection specially urged to them is in the fact that they authorized the jury to find an assault under the facts detailed in the evidence. This raises the same question already disposed of in considering whether the verdict was justified under the evidence, and need not be considered further.

Jackson v. The Mo. Pac. Ry. Co.

V. Complaint is made that the court did not instruct the jury "on the effect of the evidence tending to prove an *alibi*." Without going into a consideration of the scope of that provision of the statute imposing upon trial courts the duty of instructing the jury upon all questions of law, "which are necessary for their information in giving their verdict," we deem it sufficient to say that the jury needed no information, and it was not necessary to instruct them, that, if defendant was not present at Murphy's house on the occasion of the assault, he was not guilty of making the assault. The general instruction given to the jury, that if they had a reasonable doubt of defendant's guilt they should acquit him, sufficiently covered the law arising on the "effect of the evidence tending to prove an *alibi*."

No error being found in the record, the judgment is affirmed. All concur.