THE STATE OF MISSOURI, Respondent, v. WILL KELLAR, Appellant.

St. Louis Court of Appeals, January 31, 1893.

1. **Playing Cards on Sunday:** NAMING PLAYERS IN INDICTMENT. It is not necessary in an indictment for playing cards on a Sunday to name the persons with whom the defendant played.

2. ———: ———: VARIANCE. And, where the indictment names several persons as having been engaged in playing with the defendant, and the proof shows that one of the persons named was not a party to the game, but that another person not named in the indictment was, the variance is not fatal.

*Per Bond, J.*

3. ———: ———: ———. Such variance is cured by the provision of the statute (Revised Statutes, sec. 4114) that a variance in the christian name, or surname, or both, of any person named or described in an indictment shall not be deemed ground for acquittal, unless the trial court shall find such variance material to the merits of the case, or prejudicial to the defense of the defendant.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Special Judge.

AFFIRMED.

*Livingston & Green,* for appellant.

(1) There was a fatal variance between the charge and the proof, and the demurrer to the evidence should have been sustained. *State v. Fanning,* 38 Mo. 360. (2) The allegations and the proofs must correspond in criminal as well as civil cases. "An indictment charging the defendant with selling intoxicating liquors to A is not sustained by proof of selling to other

persons. The allegations and the proofs must corre-spond in criminal as well as civil cases." *State v. Hays*, 36 Mo. 80. "Evidence that defendant stole property of Peter Sinish will not sustain an indictment for stealing property of John Peter Sinish." *State v. English*, 67 Mo. 136; *State v. Wall*, 39 Mo. 532; *State v. Owen*, 73 Mo. 440. It is true that section 4114, Revised Statutes, provides that "a variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had find that such variance is material to the merits of the case, and prejudicial to the defense of the defendant." But, in *State v. Hays, supra*, Holmes, J., in construing this section, held that it could not be interpreted as effect-ing any change in the well-settled rule of the common law, applicable as well to criminal as to civil cases, that the allegations and the proofs must correspond.

No brief filed for respondent.

Bond, J.—The appellant was indicted and con-victed of card playing on Sunday, under the provisions of section 3854, Revised Statutes, 1889. The indict-ment charged the appellant with unlawfully playing cards with "Lark Gordon, R. Steinhouser and R. Birk-enhouer on the first day of the week commonly called Sunday."

The state introduced one witness on the trial, who testified as follows: "I saw the defendant [appellant] playing cards on Sunday at the time specified in the indictment in Howell county, Missouri. He was play-ing with Bob Lowery, Lark Gordon and Steinhouser. These were the only parties in the game."

The defendant then prayed the court to instruct the jury as follows: "The court instructs the jury that, unless they believe from the evidence that the

defendant played cards as charged in the indictment, and with the parties charged in the indictment, then the jury will find the defendant not guilty." This instruction the court refused, to which ruling the defendant at the time excepted.

The court then gave the following instruction on the part of the state: "The court instructs the jury, if you believe beyond a reasonable doubt that the defendant, in Howell county, Missouri, at any time within one year before the thirtieth day of April, 1891, did then and there play at a game of cards with Lark Gordon, R. Steinhouser, R. Birkenhouer, or with any one or more of said persons, on the first day of the week commonly called Sunday, you should find him guilty and assess his punishment," etc. To the giving of this instruction the defendant objected and excepted at the time.

The point, relied on to sustain the instruction requested by appellant and declined by the court, and alleged as error in the instruction given by the court on behalf of the state, was that there was a variance shown in the proof between the names and persons engaged in the card playing and the names and persons charged in the indictment, in this, that "Bob Lowery" was a party to the game, instead of "R. Birkenhouer." As to all the other parties to the game, the proof corresponded exactly with the statement made in the indictment, and it was clear that the game was played as charged in the indictment.

By the terms of section 4114, Revised Statutes, 1889, it is provided: "Whenever, on the trial of any felony or misdemeanor, there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof, in the christian name or surname, or both christian

name and surname, * * * of any person whomsoever therein named or described, * * * such variance shall not be deemed grounds for an acquittal of defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and ' prejudicial to the defense of the defendant." This statute has received construction in a late case by the supreme court (*State v. Nelson*, 101 Mo. 477, 482), wherein the question involved was a variance between the ownership "both of the dwelling-house and of the property stolen," as stated in the indictment and shown in the proof. It was conceded in that opinion that such a variance would have been fatal at common law, but it was held to have been cured by another clause of the statute above quoted, and, in speaking of the remedial force of this statute, it was said: "Under this statute it has been held on indictments for murder, rape and larceny, that a variance in the *christian name* or *surname* of the person killed, assaulted or the owner of the property stolen, would not work an acquittal of defendant, unless the trial judge found that the variance was material and prejudicial to the defense," citing *State v. Sharp*, 71 Mo. 218; *State v. Wammack*, 70 Mo. 410; *State v. Smith*, 80 Mo. 516; *State v. Barker*, 64 Mo. 282; *State v. Sneed*, 91 Mo. 552.

In the case at bar the fact, that there was a variance between the indictment and the evidence as to the "name" of only one of the four players, is not material to the proven fact that the game itself was played, nor did it prejudice defendant in any defense showing he was not a party to the unlawful act. The trial court did not find as it might, if the fact had warranted it, that the variance affected the merits of the case or prejudiced the defendant, but on the contrary instructed the jury that, if they believed the defendant and "any

one or more'' of said persons were playing cards as charged, they should find him guilty.

The judgment in this case is affirmed. All the judges concur in the result.

BIGGS, J. (concurring.)—I concur in the result reached by Judge BOND, but I cannot agree to his treatment of the main question. The defendant was properly convicted, because it was unnecessary to allege or prove the names of the persons with whom he played. Mr. Bishop says that, in drawing an indictment for playing cards, it is the safer plan to give the names of the players in the absence of a decision to the contrary in the state where the indictment is found. Bishop's Directions and Forms, sec. 491, No. 1. In *State v. Ames*, 1 Mo. 525, defendant was indicted for betting at the game of poker. It was held that it was not necessary to give the name of the party with whom the bet was made. In *Page v. State*, 6 Mo. 205, the plaintiff in error was indicted for vending clocks without a license. It was decided by the court that it was not necessary to allege to whom the clocks were sold. In the case of *Torney v. State*, 13 Mo. 456, Torney was indicted for betting at a game of cards. The indictment failed to give the name of the party with whom he played or made the bet, and the supreme court sustained the conviction, although the point as to the sufficiency of the indictment was not raised. So, in an indictment for selling liquor without a dramshop license, it was held that the name of the party to whom the liquor was sold need not be stated. *State v. Ladd*, 15 Mo. 430. So, in an indictment for selling intoxicating liquors on Sunday, the name of the purchaser need not be alleged. *State v. Braun*, 83 Mo. 480. If it were lawful under any circumstances for a person to play cards on Sunday, then I could see a very good

reason for advising a defendant charged with the
offense, not only of the time, but also of the parties with
whom he played. Following this idea, we decided in
the case of *State v. Martin*, 44 Mo. App. 45, that an
indictment against a druggist for selling intoxicants
ought to give the name of the party to whom the
liquor was sold, because a druggist was allowed to sell
liquor upon prescriptions, and that for this reason he
could only plead to such an indictment, or prepare his
defense against the accusation, when he had been
notified of the name of the party to whom it was
claimed that he had sold the liquor in violation of law.
So, under section 4588, a dramshop keeper may sell
liquor to a minor upon the written consent of the
parent or guardian. Common sense would dictate that
an indictment under this section ought to give the
name of the minor, for the saloon man might have
been authorized to make the sale, and, if so, he had a
right to be advised of the precise offense, so that he
might be ready at the trial with his proof. But we
have quite a different case here. If the defendant
played cards on Sunday, he violated the law, and it
could make no difference whether he played with one
or more persons. In fact he could have been convicted
on proof that he played a game of solitaire. I am quite
clear that it was not necessary to give the names of the
players, but the question which has troubled me most
is whether the unnecessary averment may be treated as
surplusage, or whether it is so far descriptive of a par-
ticular offense as to require proof. Mr. Chitty says:
"But though the indictment must in all respects be
certain, yet the introduction of averments altogether
superfluous and immaterial will seldom prejudice.
For, if the indictment can be supported without words
which are bad, they may on arrest of judgment be
rejected as surplusage." 1 Chitty's Criminal Law, p.

173.   The same author says further: "It is a general
rule which runs through the whole criminal law, that
it is sufficient to prove so much of the indictment as
shows the defendant has committed a substantive
crime therein specified; and in the case of redundant
allegations it is sufficient to prove part of what is
alleged according to its legal effect, provided that that
which is alleged, but not proved, be neither essential
to the charge, nor describe or limit that which is
essential." 1 Chitty's Criminal Law, sec. 250. The
statement of the names of the players was not essential
to the charge, as I have attempted to show. It could
have been stricken out, and a good indictment would
have remained. And I am inclined to the opinion that
the averment did not so limit or describe the offense as
to require its proof. The indictment advised the
defendant of the particular Sunday on which he was
charged with playing cards, and I cannot conceive how
he could have been prejudiced by proof that he played
on that day with only two of the three persons named in
the indictment. For this reason I think the judgment
of conviction ought to be upheld.

I do not think that section 4114 of the statute
(Revised Statutes, 1889) can have any application.
If the evidence had shown that Bob. Lowery was
known by the name of "R. Birkenhouer," then we
would have a mistake in the name of a person men-
tioned in the indictment. But the evidence and the
instructions show that Birkenhouer and Lowery are
different persons. This presents a case of *variance as
to persons*, which is not covered by the first clause of
the statute. If A be charged with the murder of B, he
cannot be convicted for the murder of C. In the cases
of the *State v. Barker*, 64 Mo. 282, and *State v. Nelson*,
101 Mo. 477, which are cited and relied on by Judge
Bond, there was a mistake in the names of the owners

of property mentioned in the indictments. These cases come within another clause of the section, which provides that a mistake in the name of the owner of property mentioned in an indictment shall not be held to be a variance, unless the trial court so finds, etc. An examination of the other cases cited and relied on will show that the mistakes therein were as to the names only, and not as to the identity of the persons mentioned in the indictment. Judge ROMBAUER concurs in the foregoing views.