STATE OF MISSOURI, Appellant, v. MICHAEL SWEENEY, Respondent.

St. Louis Court of Appeals, February 13, 1894.

1. **Criminal Law:** AFFIDAVIT TO INFORMATION: When the prosecuting attorney files an information, the affidavit of a third person is not material.

2. ———: INFORMATION: STATEMENT OF NAMES. The fact that an information for petit larceny states the Christian name of the owner of the stolen property as consisting of initials, is not ground for demurrer to the information.

*Appeal from the Newton Circuit Court.*—HON. JOS. CRAVENS, Judge.

REVERSED AND REMANDED.

*John T. Sturgis* for appellant.

(1) The information is good and sufficient in and of itself and does not need the aid and support of any affidavit, good, bad or indifferent. *State v. Hart*, 47 Mo. App. 653; *State v. McCarver*, 47 Mo. App. 650; *State v. Ransberger*, 106 Mo. 135. (2) It is sufficient in an indictment or information to describe the owner of the stolen property by his initials. *State v. Nelson*, 101 Mo. 477; *State v. Reily*, 100 Mo. 494; *State v. Kellar*, 53 Mo. App. 32; *State v. Mohr*, 68 Mo. 303; Revised Statutes, 1889, secs. 4114, 4115; *State v. Bibb*, 68 Mo. 286; *State v. Baker*, 64 Mo. 282.

No brief filed for respondent.

ROMBAUER, P. J.—The state appeals from a judgment quashing the following information.

"STATE OF MISSOURI, } ss.
"County of Newton. }

"STATE OF MISSOURI } In the Justice Court of John
          vs.              } B. Heid, Justice of the Peace,
"Michael Sweeney. } Van Buren Township.

"John T. Sturgis, prosecuting attorney of Newton county, in the state of Missouri, under his oath of office and on the affidavit of R. W. Biddlecomb, herewith filed, informs the court that on or about the fifteenth day

of May, 1892, at the county of Newton and state of Missouri, one Michael Sweeney did then and there one silk handkerchief of the value of fifty cents, and one scarf pin of the value of $1, and one tooth brush of the value of fifteen cents, of the goods and personal property of said R. W. Biddlecomb then and there being, did unlawfully steal, take and carry away against the peace and dignity of the state.

"JOHN T. STURGIS,

"Prosecuting Attorney."

Judging from the demurrer filed, the information was quashed on the ground that it is not based on a sufficient affidavit of a third person, and that the Christian name of the owner of the stolen property is not set out in full.

Under the decision of the supreme court in *State v. Ransberger*, 106 Mo. 135, the affidavit of a third person cuts no figure, where the prosecuting attorney files an information; hence there is no merit in the first objection. Nor is there any merit in the second objection. That the variance would not be fatal, if the objections to the indictment were made for the first time upon the trial, sufficiently appears by the provisions of section 4114 of the Revised Statutes of 1889, under which the defendant would not have been acquitted, even if the mistake had extended to both the Christian name and surname of the owner of the property. *State v. Barker*, 64 Mo. 282; *State v. Nelson*, 101 Mo. 477; *State v. Kellar*, 53 Mo. App. 32, 38. No evidence was offered on the motion to quash, and it nowhere appears that R. W. Biddlecomb was not the true name of the owner of the property, and that the owner was not generally known by the initials of his Christian name, and that his surname was not correctly stated in the indictment; hence it now appears that the court could find that the failure to state the

Christian name of the owner in full affected the merits, or *prejudiced the defendant in any respect.*

Of course we are aware of the fact that the question is governed by the provisions of section 4115, and not by those of section 4114; but even section 4115 provides that no information shall be deemed invalid * * * for any defect or *imperfection* which does not tend to the prejudice of the *substantial rights* of the defendant upon the merits. The courts in this state have repeatedly intimated that, if the information is deficient, but a conviction thereon can be upheld under the statute of jeofails, the indictment or informations should not be quashed, unless the imperfection tends to prejudice the substantial rights of the defendant. *State v. Cox*, 32 Mo. 566; *State v. Duclos*, 35 Mo. 237; *State v. Findley*, 77 Mo. 338; *State v. Kinney*, 81 Mo. 101; *State v. Chamberlain*, 89 Mo. 129,132.

When, as in this case, it is neither shown nor apparent how the imperfection in the information could in any way prejudice the substantial rights of the defendant upon the merits, we must hold that the court's sustaining a demurrer thereto is reversible error.

The judgment is reversed, and the cause remanded to be proceeded with in conformity with this opinion. All the judges concur.