**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dwayne DUCKETT,
Defendant-Appellant.**

**No. 47298.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 21, 1986.

Motion for Rehearing and/or Transfer
Denied Feb. 25, 1986.

Application to Transfer Denied
April 15, 1986.

Kathryn Shubik, Office of Special Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals his conviction for burglary in the first degree, robbery in the first degree, attempted rape and armed criminal action. The convictions stem from the same incident and resulted in a total sentence of 80 years' imprisonment. Defendant was tried jointly with his brother, Darnell Duckett, and their cousin, Isaac Harold Scott. We affirmed the conviction of Darnell Duckett by order without published opinion pursuant to Rule 30.25(b).

*State v. Duckett,* 682 S.W.2d 827 (Mo.App. 1984). Scott's conviction was affirmed in *State v. Scott,* 700 S.W.2d 173 (Mo.App. 1985). A detailed description of the evidence adduced at trial is contained therein and need not be repeated here. Likewise, the first two points asserted here by defendant, consisting of a two pronged attack upon the denial of a motion for separate trials, are identical to points decided adversely to defendant in the *Scott* case. That decision is dispositive and further discussion of these points would be mere repetition.

Defendant's third point on appeal, however, raises an issue not asserted in the *Scott* case. He maintains the evidence was insufficient to make a submissible case on the charge of attempted rape. Defendant's argument is predicated upon the concept that the offense of attempted rape is not established in the absence of some evidence of attempted penetration. We disagree.

Section 564.011, RSMo. 1978, sets forth the elements of an attempted offense.

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step toward the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

In determining the sufficiency of the evidence, we review the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the state. *State v. Gilliam,* 618 S.W.2d 733, 734 (Mo. App.1981). The evidence in this case disclosed a prolonged period of torture and brutalization of a husband and wife, both in their 70's, by three young men who invaded their home in the early morning hours. Due to the physical and emotional residual of this experience, the wife was unable to testify. The husband testified that while bound and gagged he was able to see through the doorway into his wife's bedroom. He heard his wife screaming while

he observed two of the defendants standing at the side of his wife's bed and the third at the foot of the bed. The third man had unzipped his pants and was fondling his penis in an attempt to achieve an erection. Medical testimony disclosed that in addition to multiple head and facial fractures and lacerations, the wife suffered two fractures of her tibia. The doctor, without objection, expressed the opinion that the tibial fractures were characteristic of an effort to pry or force her legs apart. "[I]t is very difficult to imagine how the bones of the leg could be broken without prying them apart with that kind of force." That such evidence is "strongly corroborative of the firmness of the actor's purpose" to rape the victim, and therefore, is a "substantial step" toward the commission of that offense is inescapable.

Two recent decisions demonstrate the fact that Missouri courts have never adopted the narrow construction of the offense of attempted rape urged upon us by the defendant. In *State v. Ware*, 678 S.W.2d 863 (Mo.App.1984) this court found an armed defendant's oral demand that a victim remove her pants and an unsuccessful attempt to pull up her sweatshirt sufficient to sustain a conviction of attempted rape. In *State v. Roden*, 674 S.W.2d 50 (Mo.App.1984) the victim was awakened by a hand on her body and then grappled with an unclothed assailant. In holding this evidence supported a conviction of attempted rape, the court reviewed similar cases dating back as far as 1883 wherein such convictions have been sustained upon evidence much less supportive than that here. *See State v. Smith*, 80 Mo. 516 (Mo.1883); *State v. Shroyer*, 104 Mo. 441, 16 S.W. 286 (1891); *State v. Selle*, 367 S.W.2d 522 (Mo. 1963).

We also reject defendant's contention that the testimony regarding the fractures of the tibia was not competent evidence because it was outside the field of expertise of the doctor, an internist. At trial the defendants all stipulated that the doctor was qualified to give expert medical testimony. The fact the doctor's training and experience were not in the specialty of orthopedics possibly could affect the weight given to the doctor's expression of opinion by the jury, but not its admissibility as substantive evidence. Moreover, no objection of any kind was voiced to the opinion expressed by the doctor at trial. A defendant may not be heard to object to evidence for the first time on appeal. *State v. Pospeshil*, 674 S.W.2d 628, 632 (Mo.App.1984). For similar reasons, we discount defendant's complaint first asserted on appeal regarding the testimony of the doctor that the history given by the victim contributed to the doctor's conclusion that an attempted rape had occurred. No objection was made to the doctor's expression of such an opinion. No mention of the history given by the victim was made except that adduced upon cross-examination of the doctor by the attorney for this defendant.

Having thoroughly reviewed the record, we find no merit to any of the contentions asserted by defendant.

Judgment affirmed.

SMITH and SNYDER, JJ., concur.