THE STATE v. RAMBO, *Plaintiff in Error.*

1. **Criminal Law**: ASSAULT WITH INTENT TO KILL: INDICTMENT. Four defendants may properly be charged in one count of an indictment with assault with intent to kill nine persons.

2. **Practice, Criminal**: ASSAULT WITH INTENT TO KILL. Under an indictment charging four defendants in one count with assault with intent to kill nine other persons, one defendant may be convicted, although the proof shows that he assaulted but one of the nine.

3. ———: ———: CONVICTION OF SIMPLE ASSAULT. One indicted for a felonious assault may, under the statute, be convicted of a common assault.

4. **Practice : EXCEPTIONS : INSTRUCTIONS.** It is not sufficient to except to instructions for the first time in the motion for new trial. Exceptions should be taken at the time the trial court ruled upon them in order to have them reviewed in the appellate court.

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*W. C. Kelly* for plaintiff in error.

The motion to quash the indictment and in arrest of judgment should have been sustained on the ground that nine different offences could not be charged in the same count in the indictment. Kelley's Prac. 102, 105 ; 42 Ind. 240 ; 3 Greenl. Evid. [Redf. Ed.] p. 21, sec. 22.

*B. G. Boone,* Attorney General, for the state.

BLACK, J.—The indictment is in one count. The substance of the charge is, that Charles, Elmer, Alvin, and Addis Rambo, of their malice aforethought, with guns and pistols, and with intent to kill, shot at J. W. Clark and eight other persons, who are named.

The evidence for the state shows that John P. Marlow resided in a house which he had procured of Alvin Rambo. This house and a wagon-shop, which was used by Rambo, were in the same inclosure, and not more than thirty or forty feet apart. Marlow had procured the use of the house until such time as he could erect a log house on his own land, about a half mile distant. On the day of the difficulty, the persons named in the indictment as having been shot at, and others, some twenty in all, including Walter Clark, were assisting Marlow in house-raising. Clark and the Rambos were not on friendly terms, the former having been warned to keep off the premises of Alvin Rambo. Marlow invited the men, assisting him, to his house for their dinner,

and, as they were approaching the house, Alvin Rambo stepped up to the opening in the enclosure with hammer in hand, and at the same time Charles Rambo placed a gun over the fence and shot towards the crowd; but Reed hit the gun so that the shot went upwards. At the same time Clark retaliated by shooting at Charles Rambo with a pistol. Elmer Rambo had a gun which he endeavored to use, and Addis Rambo assisted, by reloading Charles' gun, which Charles fired the second time.

There is some evidence that the affray began between Alvin Rambo and Rigden, each claiming that the other made the first assault; but the weight of the evidence is, that the Rambos had determined to resist the entrance of the inclosure by Clark, and that Charles Rambo made the first assault by shooting. The defendants were all acquitted, except Charles Rambo, who was convicted and sentenced to two years imprisonment.

1. Objection was made to the indictment by motion to quash and in arrest on the ground that it charges nine different offences in one count. The law is now well settled that a man may be indicted for an assault and battery upon two or more persons in one count. 1 Russ. on Crimes [9 Ed.] 1030; Whart. Crim. Plead. and Prac. [8 Ed.] sec. 469; 1 Bish. Crim. Proc. [3 Ed.] sec. 437. Where two or more persons are charged with having committed one offence jointly, they should be joined in the same indictment. R. S., sec. 1811. And they may all be charged as principals in one count. *State v. Payton*, 90 Mo. 223. It follows that two or more persons may be charged in the same indictment, and in the same count for an assault and battery upon two or more persons. It was so held in *Fowler v. State*, 3 Heisk. 154. In *Ben v. State*, 22 Ala. 11, it was held that an indictment for administering poison to three persons with intent to kill was not bad for duplicity; and in *Commonwealth v. McLaughlin*, 12 Cush. 615, where the defendant was indicted in two counts, one for a felonious

assault upon two persons by shooting at them with intent to kill both, and the other for a common assault, it was held that defendant could be found guilty of an intent to murder both persons, and further, that if he intended to kill one, but regardless as to which, he might be convicted on a charge of assaulting both. The indictment in this case does not undertake to set out different and distinct acts on the part of the defendants, but one act in which they all participated. It is neither a legal nor a physical impossibility for the four defendants to shoot at nine persons with intent to kill all of them. The indictment is, therefore, good.

2. There can be no doubt but on this indictment one defendant may be convicted, though the others are acquitted ; but whether one or all may be convicted of an assault with intent to kill one of the named nine persons, presents a different question. In 3 Greenleaf on Evidence, section 22, it is said : "As it is required, in indictments, that the *names of the persons injured, and of all others whose existence is legally essential to the charge,* be set forth, if known, it is, of course, material that they be precisely proved as laid." In *State v. McClintock,* 8 Iowa, 206, where several persons were indicted for an assault and battery upon two persons, it was held that they could not be convicted unless the jury found that the assault and battery was committed upon both persons. But in the case of *Commonwealth v. O'Brien,* 107 Mass. 208, on an indictment for an assault and battery upon two persons, it was held that a conviction was supported by proof of an assault upon either. A variance between the indictment and proof, as to the name or names of the persons assaulted, would have been no ground for acquittal, unless the trial court found the variance to be material and prejudicial to the defence. R. S., sec. 1820 ; *State*

*v. Smith*, 80 Mo. 516 ; *State v. Sharpe*, 71 Mo. 218. Perhaps that statute does not in terms apply to this case, but that and the subsequent section show, that in general, the variance ought to be prejudicial to the defence to operate as an acquittal. Now here an assault with intent to kill one or more of the named persons would be a crime, truly and accurately stated in the indictment ; and the fact that the proof may not show that the appellant was guilty of all with which he is charged, is no ground for acquittal, it appearing that he was guilty of a crime stated in the indictment. We think this conviction would be good, as a plea of former conviction, to a subsequent indictment for an assault upon either one of the named persons. Conceding, therefore, the defendant only intended to shoot Clark, still the conviction is supported by the evidence. We may add that, under our statute, one indicted for a felonious assault may be convicted of a common assault.

3. It does not appear that any exceptions were taken to the giving and refusing to give instructions at the time the court ruled upon them. It is not sufficient to except to instructions, for the first time, in the motion for new trial. *State v. Reed*, 89 Mo. 168. The objections made to the instructions will not, therefore, be considered in detail ; we may say they appear to be fair, and cover the entire case, on both sides.

The judgment is, therefore, affirmed. All concur.