THE STATE v. MOSES, *Appellant*.

Division Two, May 25, 1897.

1. **Criminal Practice:** MOTION FOR NEW TRIAL. Matters stated in a motion for a new trial do not prove themselves. If defendants desire new trials because of having after trial discovered new evidence, they must conform to the rules of practice often announced by this court.

2. ————: EXCESSIVE PUNISHMENT. A punishment of six years' imprisonment in the penitentiary will not be held to be excessive, where it is shown that defendant three times shot another woman with a revolver, the statute's maximum punishment for such crimes being ten years' imprisonment.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Defendant's objection to the sufficiency of the indictment can not be maintained, it being legal and in proper form. *State v. Wood*, 124 Mo. 412; *State v. Elvins*, 101 Mo. 244. (2) The evidence is ample to convict defendant of the offense charged. Where an inference of guilt can be reasonably drawn the appellate court will not undertake to interfere with the verdict on the ground of the insufficiency of the testimony. *State v. Banks*, 118 Mo. 121, and cases cited. (3) The instructions, singly and as a whole, given by the court, are susceptible to the most critical analysis, and furnish to the jury an exposition of the law governing the same so broad, just and comprehensive that the complaint, as made by defendant against them, can not be considered or seriously criticised. *State v. Jones*, 86 Mo. 625; *State v. Musick*, 101 Mo. 267. (4) It can in nowise be contended that the verdict is oppressive. It is warranted by the evidence in the case, even though it be greater than under the circumstances ought to be inflicted. If the conviction is proper, it would constitute no ground for a new trial. The defendant's relief in that particular could be secured only by the provisions of section 4233, Revised Statutes 1889. (5) It can not now be insisted by defendant that a new trial should be had on the grounds of "newly discovered" evidence as none of the necessary steps to entitle defendant to such relief on that ground have been taken.

State v. Moses.

SHERWOOD, J.—For shooting Belle Flanagan three times with a revolver, defendant was found guilty of an assault with intent to kill, and her punishment assessed at six years in the penitentiary.

Defendant is not represented in this court by counsel, so we have examined the record. There is ample evidence to support the verdict, and on the part of defendant, she testifying, admitted the shooting, but asserted it was done in self-defense.

The indictment is in usual form, and the instructions are such as have been frequently approved by this court and cover every phase of the case presented by the evidence of either party litigant.

Among the grounds in the motion for a new trial is this statement: "Because since the trial aforesaid, defendant has become aware of the existence of new and material testimony, which if enabled to produce, will establish defendant's innocence."

We have tried on many occasions to convince the attorneys of this State that matters stated in a motion for a new trial do not prove themselves. *State v. Bulling*, 105 Mo. 204; *State v. Welsor*, 117 Mo. 570; *State v. Brown*, 119 Mo. 527, and numerous other cases.

Besides, there are no affidavits of either defendant or of any supposed absent witness, nor is the absence of such supposed witness accounted for. 3 Graham & Waterman on New Trials, pp. 1067, 1071, 1073; *State v. Ray*, 53 Mo. 349; *State v. McLaughlin*, 27 Mo. 111; *State v. Campbell*, 115 Mo. 391; *State v. Nickens*, 122 Mo. 607; *State v. Welsor*, *supra*; *State v. Musick*, 101 Mo. 260.

Another ground mentioned in the motion for a new trial is: "Because the penalty assessed by the verdict is oppressive and excessive, and not warranted by the testimony." This indictment is founded on section

3489, Revised Statutes 1889, which authorizes, upon conviction, imprisonment in the penitentiary not exceeding ten years.

Inasmuch as defendant shot at her victim four times, hitting three times and seriously wounding her, and inasmuch as the jury did not exceed, but only went but a little over one half the limit of punishment allowed by law, we are not prepared to say that the penalty assessed is either oppressive or excessive. Moreover, provision is made by statute for reduction of punishment by application to the trial court. R. S. 1889, sec. 4233. No such application was made in this instance.

Judgment affirmed. All concur.