JANE LOGAN, Respondent, v. FANNIE BYERS et al.,
Appellants.

Kansas City Court of Appeals, November 7, 1898.

Unlawful Detainer: COMPLAINT: LANDLORD AND TENANT: PURCHASER.
The purchaser from a landlord who has been given notice to quit on
refusal of the tenant to pay rent, can not maintain unlawful detainer
based on sections 6391 and 6392, but his complaint and proof should
rather follow sections 6397, 6398 and 6399, Revised Statutes 1889.

*Appeal from the Boone Circuit Court.*—HON. JOHN A.
HOCKADAY, Judge.

REVERSED AND REMANDED.

E. W. HINTON and WEBSTER GORDON for appellants.

(1) Fannie Byers, as one of the heirs of Sarah
Taylor, was in possession of the property in her own
right as one of the tenants in common, at the time
Jacobs bought at the partition sale. Hence nothing
that her husband James Byers may have said or done
in her absence towards recognizing Jacobs' title, or
creating the relation of landlord and tenant could have
prejudiced her rights; and it was therefore error to
admit in evidence as against her the transactions between
Byers and Jacobs. McCallam v. Boughton, 132 Mo.
601; Henry v. Sneed, 99 Mo. 407; Hoffman v. Hoff-
man, 126 Mo. 486; Eystra v. Capelle, 61 Mo. 578.
(2) Under the statute in order to terminate a tenancy
from month to month, the notice must require a sur-
render of possession on the last day of the rent month.
Hence the notice in the present case was insufficient
since the proof nowhere disclosed the particular day on

which the alleged tenancy began.    Leahy v. Lubman, 67 Mo. App. 191; Rollins v. McCartney, 21 Mo. App. 544.

WELLINGTON GORDON, NORTH T. GENTRY and WM. R. GENTRY for respondent.

(1)    Fannie Byers was a proper party defendant. She was actively withholding the possession, just as much as the other tenants.    The notice to terminate the tenancy was served on her as well as on the others, and she refused to move when the date on which the tenancy was terminated arrived.    Her withholding the possession was ground for making her a party defendant, and it was proper that judgment should go against her.    Bobb v. Taylor, 25 Mo. App. 586.    (3) Appellant's contention raised in the third point of their argument, to the effect that the notice to terminate the tenancy was not properly given, is without merit. Kaulleen v. Tillman, 69 Mo. 510.

SMITH, P. J.—Action of unlawful detainer.    The case shortly stated is this:

One Jacobs rented a certain lot to the defendants at a monthly rental of $5.    While defendants were in the occupancy of the lot as the tenants of Jacobs, the latter sold and conveyed said lot to the plaintiff. The defendants neglected to pay the plaintiff any rent. The plaintiff gave thirty days notice in writing to defendants to quit.    The judgment was for plaintiff and defendants appealed.

The defendants insist that the trial court erred in overruling the demurrer interposed by them to the plaintiff's evidence.    The complaint is based on sections 6391 and 6392, Revised Statutes.    But the evidence does not show that the defendants leased the premises of the plaintiff.    There were no contractual relations

between them. They were in no sense privies. The section of the statute on which the action was brought has no application to a case like this. There are other sections of the same statute that are perhaps more applicable.

Section 6397 provides that a purchase of real estate which is occupied by a tenant at the time of the purchase may avail himself of its provisions to recover possession where the tenant refuses to pay rent to such purchaser. Section 6390 further provides what the complaint shall in such case set forth and what the complainant must show in order to recover. Another section, 6398, provides that, before such proceedings shall be commenced the plaintiff shall make a demand of rent and at the time of making the demand exhibit to the tenant or person in possession the deed under which he claims. This proceeding was brought in total disregard of the sections of the statute just referred to. Plaintiff was not entitled to recover under her complaint because, as already stated, she did not show that the relation of landlord and tenant existed between herself and defendants, nor could she under the sections which authorized her to sue as purchaser, for the reason that her complaint does not conform in its statements to the requirement of section 6399, and if it did it does not appear from the evidence that there was any demand for the rent coupled with an exhibition of the deed under which she claimed title. It is clear that she was not entitled to recover under either of the said statutory provisions.

If it had been shown that plaintiff exhibited her deed to defendants at the time of demanding the rent she would have likely been entitled to recover under the provisions of said sections 6397, 6398, 6399, *supra*, if her complaint had been based on the latter of said

sections. It results therefore that the trial court erred in its action denying the defendants' demurrer to the evidence.

In this view of the case it becomes wholly unnecessary to review the action of the court in admitting certain evidence over the defendants' objections. The judgment will accordingly be reversed. All concur.