State v. Woodward.

## THE STATE v. WOODWARD, Appellant.

### Division Two, February 3, 1903.

1. **Embezzlement:** CONVERSION. The deposit of money, received by a real estate agent for the sale of his principal's lots, in a bank, and his afterwards drawing the same out upon drafts, is a conversion of the money to his own use.

2. **Verdict:** SUBSTANTIAL EVIDENCE: PROVINCE OF COURT. Where there was substantial evidence on which to base the verdict of the jury, the court will not undertake to retry the case upon the facts, and thereby usurp the province of the jury. The only extent to which the court will be warranted in going, in examining an assignment that the verdict is not supported by the evidence, is to carefully guard against verdicts based upon insufficient testimony and those which are the result of passion or prejudice on the part of the jury.

3. **Instructions:** NO EXCEPTIONS AT THE TIME. Where no objections are made and exceptions saved, at the time, to the giving of instructions, and the attention of the trial court is, for the first time, called to alleged errors therein in the motion for a new trial, the appellate court will not review such instructions.

4. **Failure to Instruct on All Issues.** In order to have the failure of the trial court to instruct on all issues involved in the case, reviewed in the appellate court, the attention of the trial court

Vol 171 mo—38.

should have been directed to the matter at the time such failure occurred. It was too late to make complaint thereof for the first time in the motion to set aside the verdict.

5. **Witnesses:** EXCLUSION: WHEN AVAILABLE. Where the record shows no order of court excluding witnesses from the courtroom, the appellate court will not consider an assignment that the court erred in permitting a witness to testify who had been present during the progress of the trial.

6. **Remarks of Prosecuting Attorney:** HOW PRESERVED. Remarks of the prosecuting attorney, alleged to have been an invasion of the prisoner's rights, in order to be reviewed on appeal, must be set out in the bill of exceptions. The mere setting of them out in the motion for a new trial does not preserve them for review.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*Thomas P. Bashaw* for appellant.

The transaction, according to the weight of the evidence, was a loan. If, however, it was an agency to invest the fund, any investment, however unwise, would disprove an embezzlement, if made in good faith. In this connection the youthfulness and inexperience of defendant, and the consequent overconfidence in himself and in others, are to be taken into consideration.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

(1) Defendant should have excepted to the action of the court in giving instructions at the time that the court ruled on them. This he did not do; and he has, therefore, waived the right to complain of them now. State v. Reed, 89 Mo. 168; State v. Rambo, 95 Mo. 466. (2) Another ground mentioned in the motion for a new trial is that the punishment assessed by the jury is excessive and shows that the jury were prejudiced against the defendant. A careful reading of the defendant's own testimony has not so impressed us. This

record shows that the prosecuting witnesses by united endeavor and by industry and economy for a number of years had saved enough of the fruits of their toil to erect a home. The defendant appropriated that home, or its equivalent, to his own use and there is not a single palliating feature in his defense. Moreover, provision is made by statute for the reduction of punishment by application made to the trial court. No such application was made in this case. R. S. 1899, sec. 2652; State v. Moses, 139 Mo. 217. (3) Another ground found in the motion for a new trial is that the circuit attorney made improper remarks in his address to the jury, but such remarks, if made, were not preserved in the bill of exceptions. Matters stated in the motion for a new trial do not prove themselves. State v. Jackson, 126 Mo. 521; State v. Moses, 139 Mo. 217; State v. Welsor, 117 Mo. 570; State v. Brown, 119 Mo. 527.

FOX, J.—At the February term, 1901, of the circuit court of the city of St. Louis, the defendant, E. A. D. Woodward, was indicted, charged with embezzlement. The indictment is predicated upon section 1912, Revised Statutes 1899. As there is no attack upon the indictment, suffice it to say, that we have examined it, and find it in due form, complying strictly with approved precedents.

Defendant was tried at the April and October terms of this court, both of which resulted in a disagreement of the jury. At the April term, 1902, defendant was again put upon his trial, which resulted in his conviction as charged, and his punishment was fixed at five years in the penitentiary. His motion for new trial was overruled and this case is brought here upon appeal for review of the alleged errors of the trial court.

Counsel for appellant files brief, and in addition makes an oral argument upon the points involved in this cause. It is so earnestly urged that the testimony in this case did not warrant a conviction that we have very carefully read in detail the testimony as contained in

the transcript. The criminal acts upon which this charge is based are that prosecuting witnesses Kabel and wife placed in the hands of the defendant, as their agent, certain real estate for sale. That defendant sold it and converted the proceeds of sale to his own use. The testimony of Kabel and wife fully support this charge. According to their testimony this was to be a sale for cash. They executed a deed which was delivered to the defendant and he delivered the deed to the purchaser, Marony. Upon application to defendant for the money the defendant stated that he had received five hundred dollars cash and the remainder of the consideration was in the form of lots in St. Louis county. Kabel did not want the lots but the cash, whereupon defendant assured him that the lots would be in a short time converted into cash, and he would then give him the entire amount. Witness Kabel further states that he made from fifty to seventy-five visits to see defendant about paying the money, all to no purpose. It finally resulted that Kabel and wife are without the property and without any consideration for it. It is further shown from the testimony that Marony, shortly after securing the deed to this property, secured a loan of $1,000 on it, $900 of which was paid over to the defendant. This money received by defendant was clearly realized by him upon this property, yet it is admitted that he never disclosed this fact to his principal, Mr. Kabel. The officials of the bank show that this money, so realized from this property, was deposited to the credit of the defendant, and was afterwards drawn out by him upon drafts, which was in effect the conversion to his own use of this money.

The defense to the prosecution is that, after the property was sold, the defendant disclosed the conditions of the sale to his principal, and that it was satisfactory to Kabel; that he offered him the $500 cash received on the sale; that Kabel refused it, and simply told him that he could invest the money for him; that for a number of years all he wanted was six per cent interest on the investment; that it was upon this under-

standing that he used the money realized from the property.  The testimony of the defendant is substantially corroborated by his father.  There was also testimony as to the good character of the defendant.  In rebuttal, the defendant was contradicted upon material matters in reference to this charge.  Upon cross-examination of the defendant his admission as to receipts of the $900; his admission that a statement of the account between him and his principal as to the Geyer notes was fictitious, would certainly be a satisfactory reason for a fair-minded jury to hesitate about giving credence to that part of his testimony which he insists they should believe.

The entire transaction of the sale of this property to Marony, the securing of the loans, the mortgage secured by his aunt, in all of which the defendant seemed to be one of the principal actors and beneficiaries, to the honest juror doubtless looked very suspicious. And while defendant could not and ought not to be convicted upon strong suspicions of guilt, or even strong probabilities of his guilt, yet all these were circumstances to be considered by the jury in determining the charge, as to the intent and purpose of the defendant to defraud the prosecuting witnesses out of their money.  The testimony of the defendant and his father is plainly denied by Kabel as to the request to invest the money. It will further be observed that some of the testimony of the father and the defendant do not harmonize.

This cause was submitted to the jury upon the instructions of the court and they returned a verdict of guilty.

This case is not dissimilar to that of many others, that upon the main questions of fact there is a conflict of testimony.

If the jury believed the testimony offered by the State, they did right in convicting the defendant.  If they believed the testimony of the defendant, then he should have been acquitted.

This court is asked to review this testimony and say that the testimony is not sufficient to warrant a conviction.

If there was substantial testimony upon which to base this verdict, this court will not undertake to retry the case upon the facts, and thereby usurp the province of the jury. The only extent to which the court will be warranted in going is to carefully guard against verdicts based upon insufficient testimony, or which are the result of passion or prejudice on the part of the jury. There was substantial evidence in this case showing the guilt of the defendant, upon which the jury based their verdict, and the verdict, therefore, should not be disturbed on the ground urged by the appellant, of the insufficiency of the testimony.

It is next urged by appellant that the court erred in its instruction to the jury, and particularly in modifying instruction number 2, after it was read to the jury.

An inspection of the record shows no objections or exceptions to instructions or modification of instruction. "Where no objections are made and exceptions saved, at the time, to the giving of instructions, and the attention of the trial court is, for the first time, called to the matter in the motion for new trial, the appellate court will not review such instructions." [State v. Reed, 89 Mo. 168; State v. Rambo, 95 Mo. 466.]

Further complaint is made, that the trial court failed to instruct the jury upon all the issues involved in the case. It will suffice to say upon this error complained of, that it is not preserved in the record. In order to have this question reviewed by the appellate court, the attention of the trial court, as to its failure in this respect, should have been directed to it, at the time such failure occurred; the complainant should not wait until the error has been committed and then for the first time after the trial make complaint in the motion to set aside the verdict. [State v. Albright, 144 Mo. 638; State v. Cantlin, 118 Mo. 100.]

It is also urged that the court committed error in the admission *and rejection of testimony.* It developed in the progress of the trial that the prosecuting witness had loaned the defendant some money; there was no

dispute about this; it was a separate transaction. Defendant offered a receipt for the payment of some of this borrowed money. At first, it was excluded, but afterwards the objection of the State to it was overruled; however this may be, this testimony was immaterial and irrelevant, having no connection with the charge in the indictment.

Appellant objected to the testimony offered by the State, as to his checking out the $900 deposited in the bank. This objection is not well taken. One of the elements of the offense of embezzlement is the conversion of the money, and certainly this testimony had a tendency to show that fact.

The last point of error to which our attention is directed is the permission of Mr. Secor, an attorney at law, to testify, having been present during the progress of the trial. The record does not show any order of court excluding the witnesses from the courtroom, hence, there is nothing for the court to review in that respect.

Objections are made to the closing remarks of the prosecuting attorney. The remarks are not preserved in the bill of exceptions; are not set out, with the proper objections and exceptions to them. The mere setting out the remarks in the motion for new trial, does not properly preserve this point of error; this has been definitely settled by this court. "Matters stated in a motion for a new trial do not prove themselves." [State v. Jackson, 126 Mo. 521; State v. Brown, 119 Mo. 527; State v. Moses, 139 Mo. 217.]

Finding no error prejudicial to the defendant in this cause, the judgment of the trial court will be affirmed. All concur.