E. C. TUCKER, Respondent, v. A. M. McCLENNEY, Appellant.

Kansas City Court of Appeals, November 9, 1903.

1. FORCIBLE ENTRY AND DETAINER: Complaint: Landlord and Tenant. A complaint in forcible entry and detainer does not have to allege the relation of landlord and tenant between the parties, nor state how plaintiff derives his right to the land.

2. ———: Grantee: Exhibition of Deed. The grantee of a landlord does not have to exhibit his deed to the tenant before bringing his action for unlawful detainer.

3. ———: ———: Landlord and Tenant. The grantee of a landlord has the same remedies under the statute against a tenant guilty of unlawful detainer as the lessor would have had.

4. ———: ———: Title: Evidence. In an action against the lessee for holding over a grantee is required to make proofs of his rights under the title derived from the lessor.

5. ——: ——: **Landlord and Tenant: Deeds.** Where a grantee from a lessor conveys to his vendees the demanded premises and in his deed covenants to deliver possession as soon as he acquires it from the tenant, he has not parted with the right to the possession and is a proper plaintiff in an action of unlawful detainer against the holding-over tenant.

6. ——: ——: ——: **Sub-lessees: Parties.** The fact that the tenant may have sublet portions of the demanded premises to various parties who are not made parties defendant, will not defeat the lessor's grantee in an action of unlawful detainer against the tenant.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

AFFIRMED.

*N. T. Gentry* and *Chas. J. Walker* for appellant.

(1) The allegations of plaintiff's complaint are that "On March 1, 1902, he had the legal right to the possession of, etc." His own testimony shows that he had not only sold most of this land to McClane and Castleman before the institution of this suit, but that he executed and delivered deeds to the purchasers, which deeds were filed and recorded on February 8th, and February 11th respectively. When this case is stripped of its outside issues, the undisputed evidence conclusively shows that the plaintiff was not entitled to recover judgment for the possession of the whole farm, to-wit: one hundred and eighty acres. Plenty v. Knester, 41 Mo. App. 447; Kelley v. Clancy, 15 Mo. App. 519; Kaulleen v. Tillman, 69 Mo. 510; Sexton v. Hull, 45 Mo. App. 345; Bradford v. Tilly, 65 Mo. App. 184; Pierce v. Rollins, 60 Mo. App. 497; R. S. 1899, sec. 4136; Chaffin v. Brockmeyer, 33 Mo. App. 97, and cases cited; Pullis v. Kalb, 62 Mo. App. 29; Snyder v. Railroad, 86 Mo. 613; Bank v. Commission Co., 61 Mo. App. 150. (2) The so-called exhibition of plaintiff's deed to defendant was insufficient.

(3)   Again, the evidence does not show that the defendant was in possession of all the land in controversy: it in fact shows the contrary.   Loan v. Smith, 76 Mo. App. 510 and cases cited; Spring Co. v. Tool Co., 96 Mo. App. 518.

*C. B. Sebastian* for respondent.

(1)   The undisputed evidence shows that plaintiff sold to McLain and Castleman with the express agreement that possession was not to be given until he got possession.   This question was decided in the case of Logan v. Wolvine, 56 Mo. App. 458.   (2)   Appellant further contends that plaintiff did not make sufficient exhibition of his deed.   This was also a question of fact for the trial court and the finding is sustained by the evidence.   (3)   The finding and judgment of the learned judge who tried this case was for the right party.   The defendant is in no wise aggrieved by it, as it is admitted that he was holding the farm, after the expiration of his lease and in violation of the rights of the plaintiff.

SMITH, P. J.—This is an action of unlawful detainer which was brought to recover the possession of certain farm lands consisting of 180 acres.   The material facts which the evidence tends to prove and which gave rise to the controversy may be shortly stated in this wise, that is to say:   The Equitable Securities company—a corporation—on June 9, 1894, by a certain deed acquired the fee simple title to said lands; that afterward the defendant went into possession of said lands under a lease from the said securities company which was to expire on the first day of March, 1902; that before the expiration of said lease, and on January 2, 1902, the said securities company sold and by deed conveyed said tract to this plaintiff; that on February 2, 1902, the plaintiff sold and by deed conveyed 109.4 acres of said tract to one Chas. McLane;

that on February 11, 1902, the plaintiff further sold and conveyed forty-four acres of said tract to one G. V. Castleman; that there was a stipulation in each of said deeds to the effect that the grantor therein—the plaintiff —was "to give possession as soon as he got it and not before;" that on the ninth of March, 1902, the plaintiff called on the defendant, who was still in possession, and demanded that he deliver to him, plaintiff, the possession, accompanying his demand with an exhibition of the deed which the said securities company had delivered to him; that the defendant refused to turn over the possession to the plaintiff, and three days thereafter this action was brought. There was a trial in the circuit court in which the plaintiff had judgment and defendant appealed.

At the beginning of the trial the defendant objected to the introduction of any evidence on the ground that the complaint nowhere alleged the relation of landlord and tenant between plaintiff and defendant, or how the plaintiff derived any right to the land. This objection was overruled, and, as we think, properly so.

The complaint alleged that on the first day of March, 1902, the plaintiff had the legal right to the possession of said land—describing it—and that he had ever since been and still was entitled to the possession thereof; that the defendant willfully and without force holds the possession of said lands after the termination of the time for which they were let to him, etc. The allegations of the complaint followed form No. 135, Revised Statutes 1899, which is one of those prepared by the revisors of the statutes of 1855, as adapted to the statute, and which, it may be seen, has been carried forward into the appendix of each successive revision. Bradford v. Tilly, 65 Mo. App. 181. It seems to us that the complaint is quite sufficient under the statute. R. S., sec. 3321, 1899. We have not been referred by the defendant's very learned and industrious counsel to

any established precedent which upholds their contention.

At the conclusion of all the evidence the defendant requested an instruction in the nature of a demurrer which was by the court denied.

It is contended that the exhibition of the deed by plaintiff to defendant was insufficient. By turning to the statute in relation to forcible entry and detainer, it will be seen that it nowhere requires the grantor or the assignor of any lessor to exhibit to the lessee his deed in order to entitle him to bring his action under section 3321, supra. It is true that in the statute relating to landlord and tenant there is a section—4137—which provides that the purchaser of land, before commencing suit against the lessee of his grantor or vendor who has made default in the payment of the rent, shall at the time of demanding the rent exhibit the deed under which he claims title; but obviously, this statute has no application to actions of unlawful detainer.

By section 3353 it is provided that if any lessor shall grant any lands before the expiration of the term for which they were let, his grantee shall have the same remedies against one guilty of unlawful detainer by holding over such lands after the term for which they were demised as such lessor would have had, if he had not granted such lands. It is thus seen that this section puts the grantee in the lessor's shoes as to the remedies of the latter against the lessee.

In an action under the forcible entry and detainer statute, evidence of derivative titles is admissible. Section 3355. While the grantee of a lessor is not required by the statute in such action to make proof that he exhibited his deed to the lessee before commencing the suit, he is required to make proofs of his rights under the title derived from the lessor, which was done in this case.

It is contended that as the plaintiff had previous to the date of the suit sold and by deeds conveyed dis-

tinct parts of said tract to McLane and Castleman, respectively, that he did not at that date have a right to the possession of the entire tract. But this contention can not be upheld because of a stipulation in each of the deeds from plaintiff to McLane and Castleman in which it was agreed that the right to the possession should not accompany the transference of the legal title but was to remain in the plaintiff until he recovered the actual possession, when it should pass to his grantees. This stipulation in the deed had the effect to restrict and control the operation of the deeds. Logan v. Woolwine, 56 Mo. App. 458, and cases there cited. Accordingly, it is clear that the right to the possession at the date of the commencement of the suit was in the plaintiff and not in McLane and Castleman as to that part of the land conveyed to them.

As we have seen, the plaintiff as the grantee of the lessor—the securities company—sustained the same relation to the defendant as that company would have sustained had it not conveyed its title to plaintiff. And it can not be that the plaintiff's action must fail because it appears that the defendant during the time covered by his lease had, without the consent of his lessor, placed Brown, Sims and McQuitty in possession of certain distinct parts of the tract. It is true that an action of this kind is required to be brought against the party in the actual possession; but was not the defendant, as to plaintiff, in the actual possession? But can it be that a tenant can put others in possession of parts of the land demised to him and then he and they hold over the time for which the land was demised to him, and when he is sued for unlawful detainer, can he successfully defend the action on the ground that the others holding under him have not been joined as defendants? In what way was the defendant prejudiced by this non-joinder? If no substantial prejudice resulted to him, as manifestly it did not, then such defense was not available to him. It may be that the lessor or his grantee may not desire

to dispossess some or all of the persons holding under the lessee. It may be that they or some of them are willing to pay the rent to the lessor or his grantee or enter into leases with him and thus to continue their occupancy, and in such case must such lessor or his grantee be compelled to bring his action against the lessee and all those holding under him, or else fail? The lessor or his grantee is entitled to the possession of the entire demised premises as against his lessee, and it can be no defense to the latter that he has put others in possession of parts of the premises. If a tenant who is holding over after the expiration of his term can defeat an action of this kind by interposing such defense, then the legislature has enacted the forcible entry and detainer statutes to very little effect.

Some other minor points have been suggested in the briefs of counsel. These we have examined and found without merit. It is clear to us that upon the evidence adduced the plaintiff was entitled to recover, and it results that the judgment must be affirmed. All concur.