CATHERINE DONER, Respondent, v. ANNA INGRAM, Appellant.

Kansas City Court of Appeals, June 18, 1906.

1. **FORCIBLE ENTRY AND DETAINER: Grantee: Action.** The grantee of the landlord with warranty deed may maintain unlawful detainer against the tenant of the grantor. Cases considered and distinguished.

2. ———: ———: **Notice: Evidence: Attornment.** Following the rule that where the defendant introduces no evidence plaintiff is entitled to all the reasonable inference to be drawn from his evidence, a grantee's notice and its service on the grantor's tenant is held ample, especially where at the hearing of the motion for a new trial, the tenant bases his right on the fact that he had not attorned and that action could not be maintained.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback*, Judge.

AFFIRMED.

*Burnham & Brewster* for appellant.

(1) There was no privity of contract between plaintiff and defendant. The relationship of landlord and tenant did not exist, and the grantor had no authority to serve the notice to terminate the tenancy. Logan v. Byers, 76 Mo. App. 559. (2) There was no service of the notice to terminate the tenancy had upon the defendant, Anna Ingram. Service of such notice must be personal service, service upon an agent or service upon one upon whom the service of a summons would be good. Suddford v. Kohn, 46 Mo. App. 436; Ewing v. O'Malley, 108 Mo. App. 117; De Giverville v. Stolle, 9 Mo. App. 185; Taylor on Landlord and Tenant (7 Ed.), sec. 484.

*Cook & Gossett* and *W. Wallace Greene* for respondent.

(1) On conveyance of real estate by the lessor holding the superior title all of the lessor's rights against the tenant are conveyed unless specially excepted. This includes the right to terminate a tenancy from month to month and to maintain unlawful detainer if the tenant holds over after such termination. R. S. 1899, sec. 4598; R. S. 1899, sec. 3353; R. S. 1899, sec. 4110; Tucker v. McClenny, 103 Mo. App. 318; Page v. Culver, 55 Mo. App. 606; Metropolitan Land Co. v. Manning, 98 Mo. App. 257; Hadley v. Bernero, 97 Mo. App. 314; Sexton v. Hall, 45 Mo. App. 339; Kelley v. Clansey, 15 Mo. App. 519; Culverhouse v. Worts, 32 Mo. App. 429; Stevenson v. Hancock, 72 Mo. App. 612; Gillett v. Matthews, 45 Mo. 307; Young v. Smith, 28 Mo. 65; Shaw v. Partridge, 17 Vt. 626; Page v. Esty, 54 Maine 319; Breeding Heirs v. Taylor's Heirs, 52 Ky. (13 B. Mon.) 477; Evans v. Enlow, 70 Wis. 345; Doe v. Clayton, 73 Ala. 359; Wise v. Walker, 51 Ala. 359; Hendrickson v. Beeson, 21 Neb. 61; Peck v. Northrup, 17 Conn. 217; Swope v. Hopkins, 119 Ind. 125; Eydlett v. Pendleton, 114 N. C. 1; Doe v. Baker, 8 Tauton 241, 4 E. L. C. 8. (2) The notice to terminate the tenancy was sufficiently served. Beiler v. Devoll, 40 Mo. App. 251; Gerhart Co. v. Weiter, 108 Mo. App. 248; De Giverville v. Stolle, 9 Mo. App. 187. (3) The evidence tended to show strongly that after the property had been conveyed to the respondent the appellant denied respondent's title and claimed to own the property herself. Appellant was not therefore, entitled to notice. Lyon v. LaMaster, 103 Mo. 612; Amick v. Brubaker, 101 Mo. 473.

ELLISON, J.—This is an action of unlawful detainer for certain described property in Kansas City. The defendant demurred to the evidence for plaintiff

which, being overruled, she refused to introduce any in her own behalf and judgment was given for plaintiff. The case was brought against two defendants, mother and daughter, the latter did not appeal.

In February, 1905, the defendant, Ingram, was the tenant from month to month of William Chrisman and the Darby Investment Company, a corporation, each of whom owned one of the lots in question. The defendant had rented from these owners through their joint agent, Madden, these two lots, upon which was a double house known as Nos. 246 and 248 West Fourth street, in Kansas City, Missouri, as one property for one price, and used the same as one property. At that time, in February, 1905, Chrisman and the corporation conveyed the lots respectively to the plaintiff by general warranty deed containing the usual express covenants in such deeds of warranty, seizin, right to convey and against incumbrances and conveying the land, "together with all rights and privileges, appurtenances and immunities thereto belonging" and containing the words "grant, bargain and sell, convey and confirm," carrying also the statutory covenants.

The right of this plaintiff as grantee to bring unlawful detainer for premises let to the defendant tenant by the grantor is challenged. There can be no doubt that such right exists. It is fixed by the statute of forcible entry and detainer. [Secs. 3352, 3353, R. S. 1899; Tucker v. McClenney, 103 Mo. App. 318; Metropolitan Land Co. v. Manning, 98 Mo. App. 248; Hadley v. Bernero, 97 Mo. App. 314, 318.] In the case of Logan v. Byers, 76 Mo. App. 559, the court inadvertently founded the opinion upon the statute applicable to landlord and tenant, where provision is made for the recovery of possession of the leased premises for non-payment of rent and thereby made a misstatement of the law as applicable to an action of unlawful detainer.

The next objection goes to the sufficiency of the notice to defendant. As to this it must be borne in

mind that the defendant introduced no evidence and that therefore the evidence in plaintiff's behalf and all reasonable inferences to be drawn therefrom must be accepted as established fact. In this view we regard the notice and its service as ample.

Besides this, during the consideration of the motion for new trial the trial court asked for specific reasons for the motion or specific objections to the trial. In answer thereto counsel put his claim for a new trial on the ground that a grantee of the landlord could not maintain this action against the tenant unless the tenant has first attorned to him. The matter of notice was, in effect, abandoned. "And the court thereupon after due consideration, overruled the motion for new trial."

The judgment was manifestly for the right party and it is affirmed. All concur.