SARAH CORUM, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 17, 1908.

1. **TRIAL PRACTICE: Motion for New Trial: Matters in Issue.** Where the record shows that at the hearing of the motion for new trial the only objection relied upon related to the weight of the evidence and the excessiveness of the verdict, all other matters are withdrawn from the court's consideration.

2. **APPELLATE PRACTICE: Weight of Evidence: Trial Court.** The weight of evidence is exclusively for the determination of the trial court and the appellate court can only interfere when there is no substantial evidence to support the verdict.

3. ————: **Excessive Verdict: Trial Court.** Evidence reviewed and verdict is held not to be excessive, especially since it is the second substantial verdict which has received the approval of the trial court.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*John H. Lucas, Frank G. Johnson* and *Henry S. Conrad* for appellant.

(1) Plaintiff's injuries are due to her own negligence and not to the negligence of the defendant, as appears from the overwhelming weight of the evidence. Friesz v. Fallon, 24 Mo. App. 439; Hickman v. Railroad, 47 Mo. App. 65; Walton v. Railroad, 40 Mo. App. 544; Weaver v. Railway, 60 Mo. App. 210. (2) The verdict is excessive. Stoetzel v. Swearingen, 90 Mo. App. 588; Haynes v. Trenton, 108 Mo. 123. (3) The court erred in giving plaintiff's instruction on the measure of damages. (a) Undue prominence is given to the extent and character of plaintiff's injuries. McAlister v. Irving, 69 Mo. App. 442; Bowlin v. Creal, 63 Mo. 229; Chany v. Insurance Co., 62 Mo. App. 45; 9 Missouri Digest, page 15406, sec. 184. (b) The instruction is argumentative. Melican v. Elec. Co., 90 Mo. App. 595; Flannery v. Railway, 44 Mo. App. 396; Johnson v. Ruth, 34 Mo. App. 659. (4) The defendant's motion for a new trial should have been sustained because the court erred in submitting the cause to the jury, and because the verdict of the jury is unmistakably the result of bias and is excessive. Stoetzel v. Swearingen, 90 Mo. App. 588; Haynes v. Trenton, 108 Mo. 123; Heite v. Railway, 130 Mo. 140; Foley v. Alkire, 52 Mo. 317; Spohn v. Railway, 87 Mo. 74; Hook v. Railway, 162 Mo. 569.

*E. D. Ellison* and *Rees Turpin* for respondent.

(1) The instruction complained of by appellant was really advantageous to it and follows a principle

approved in a long line of authorities.   Estes v. Shoe
Co., 155 Mo. 577; Baker v. Publishing Co., 103 Mo.
App. 54; Gordon v. Burris, 153 Mo. 223; Coleman v.
Drane, 116 Mo. 387; Fleming v. Railway, 89 Mo. App.
129; Mitchell v. Plattsburg, 33 Mo. App. 555.   (2)   This
court, the St. Louis Court of Appeals, and the Supreme
Court of this State have repeatedly held that it is not
within the province of an appellate court to disturb
the verdict of a jury as being against the weight of the
evidence when there is substantial evidence to support
the verdict and the question presented is whether the
witnesses of the plaintiff or the witnesses of the de-
fendant are entitled to the greater credit.   Rattan v.
Electric Co., 129 Mo. App. 270; Fullerton v. Carpenter,
97 Mo. App. 197; State v. Woodward, 171 Mo. 593;
Veale v. Green, 105 Mo. App. 182; Hurley v. Railroad,
120 Mo. App. 262.   (3) Appellants' second and fourth
points are both directed to the amount of the verdict. Ap-
pellant contends that the verdict is excessive.   A much
larger amount could have been properly allowed her as
a just compensation for her injuries and for the pain
she has suffered.   Baker v. Independence, 93 Mo. App.
172; Milledge v. Kansas City, 100 Mo. App. 490; O'Neill
v. Kansas City, 178 Mo. 91; Chilton v. St. Joseph, 143
Mo. 192.

ELLISON, J.—Plaintiff became a passenger on one
of defendant's cable cars and claims that she was in-
jured through the careless management of the car by
defendant's servants.   She recovered judgment for four
thousand dollars.

This case is here on a second appeal.   It will be
found reported in 113 Mo. App. 631, where a statement
of the facts can be had.   It is there shown that plain-
tiff was thrown to the street and severely injured by
reason of the car being started while she was in the
act of alighting therefrom.   It will likewise be seen

that we deemed she had a good cause of action, if properly proven, and that the case was remanded on account of erroneous instructions. At the last trial all error was disclaimed by defendant's counsel, on argument of motion for new trial, save that the verdict was against the great preponderance of the evidence and was excessive.

It was made a matter of record that when the motion for new trial was called for argument the trial court asked for the views of counsel on the points upon which he relied. He answered that there was nothing sufficiently objectionable in the instructions to justify the court in granting a new trial; that "the verdict in the case was for $4,000, and there are two things to which I wish to call your honor's attention in connection with the verdict. The first is that the verdict is against the weight of the evidence, and the other is that it is excessive." There was thus withdrawn from the court's consideration all else in the motion save the weight of the evidence and excessiveness of the verdict. [Doner v. Ingram, 119 Mo. App. 156.]

The weight of the evidence is matter exclusively for the determination of the trial court. It is only when there is no substantial evidence that an appellate court interposes in behalf of the losing party. [State v. Woodward, 171 Mo. 593; Rattan v. Electric Co., 120 Mo. App. 270; Fullerton v. Carpenter, 97 Mo. App. 197; Veale v. Green, 105 Mo. App. 182; Hurley v. Railway, 120 Mo. App. 262.]

The only complaint left to defendant is the insistence of excessive verdict, which may include prejudice and passion of the jury. We have gone over the evidence and do not consider that it would justify us in remanding the cause or in directing a remittitur. At the former trial a substantial sum was awarded the plaintiff. In the trial which gave rise to the present appeal

another substantial sum was allowed. It has received the approval of the trial judge, who considered the amount not too large.

The judgment is affirmed. All concur.