CARROLL H. SMITH, ET AL., RESPONDENTS, v. MYRON C. SPENCER, ET AD., APPELLANTS.—130 S. W. (2d) 653.

Kansas City Court of Appeals.   June 19, 1939.

(1)

2

*Sterling P. Reynolds* for appellants.

*Randolph & Randolph* for respondents.

SPERRY, C.—This is an unlawful detainer suit brought by plaintiffs, Smith and Snyder against defendants, Spencer and Browne. The cause was tried to a jury in the circuit court and resulted in a directed verdict for plaintiffs. From the resulting judgment defendants appeal. We will refer to the parties herein as plaintiffs and defendants.

The evidence on behalf of plaintiffs consisted of the testimony of a number of witnesses and also the introduction of a number of written leases, contracts and assignments. The facts which the above evidence tended to establish substantially the same as are those set out in our opinion handed down April 3, 1939 (not yet published), in the companion case of Spencer and Browne v. Smith et al., (Kansas City Court of Appeals. Docket No. 19438). The facts, briefly stated, are as follows: W. H. and Sarah Faucett are the owners of certain lands which were leased to G. E. Sharp, who assigned to his wife. Plaintiffs, by assignment of various intermediary holders, became the owners of the lease to Sharp, immediately after Sharp leased the tract he subleased a portion thereof, sixty-four feet square, to M. C. Spencer, one of the defendants herein. Sharp erected a filling station on the portion of the leased premises he retained, which station is the real subject of controversy herein, and Spencer erected a garage on the sixty-four foot tract subleased to him. Below is a plat showing the entire tract leased by Faucett to Sharp, the portion thereof subleased to Spencer, and the location thereon of the filling station and garage.

Plaintiffs became the owners of the filling station and of the lease on which it is built, exclusive of the Spencer sublease. Browne was the tenant of the filling station property and, upon demand, paid accrued rent thereon to plaintiffs, delivered possession to them, and agreed to sell and deliver to them the stock and fixtures, which were his. At that stage defendant Spencer claimed the filling station, the lease on the lands upon which it was located, and the right of possession. Plaintiff served on both Spencer and Browne written demand for possession, which was denied. Plaintiffs thereupon filed this suit.

The only evidence offered on behalf of defendants was the instrument whereby Sharp subleased to Spencer the sixty-four foot tract above mentioned, the petition and answer in the case of Spencer and Browne v. Smith et al., *supra,* which was an equity suit that had for

its purpose the reformation of the Sharp-Spencer sublease, and the record of the circuit court in the latter case which established that Spencer and Browne had appealed to this court. Upon objection duly made this offer of evidence was ruled adversely to defendants herein and they rested.

Defendants contend that the court erred in failing to sustain their application for change of venue. The same point was urged in the case of Spencer and Browne v. Smith et al., *supra,* and was ruled against present defendants because of the fatal insufficiency of the

application and the affidavit in support thereof. The application and affidavit filed in this case are insufficient because of the identical grounds assigned in our former opinion to which ruling we refer for the sake of brevity.

The second assignment of error is that plaintiffs' evidence shows that the relationship of landlord and tenant existed between plaintiffs and defendants herein. The evidence discloses that plaintiffs were directed by Spencer to the owner of the lease and building for the purpose of purchasing same; that they purchased from the owner to whom they were directed by Spencer; that they were paid accrued rent due from Browne to them as the new landlords; that they entered into possession of the property; and that thereafter defendant Spencer claimed adversely to them, took possession and now retains possession adversely to the rights of plaintiffs. This does not establish the relationship of landlord and tenant.

Defendants' point three is that no written notice was proved. Such notice, as well as demand, was proved. The preceding paragraphs, we think, fully answer this contention and repetition would serve no useful purpose.

Point four is that no notice was properly served on Browne. Browne delivered actual possession to plaintiffs, and thereafter, and now, only claims as the tenant of Spencer. Prior to bringing suit both defendants were personally served with written demand for possession. The demand was introduced in evidence and no objection, such as is now urged, was made at the time. The point is ruled against defendants.

Under their point five defendants urge that service of the demand was bad because served by a party to the suit. When the demand and proof of service attached thereto was offered in evidence no objection to its reception was made on these grounds and, if such objection would have been meritorious if timely made, it is now too late to raise it. The trial court is entitled to hear the reasons for objections to evidence before ruling thereon. The contention is without merit.

Point six is based upon the contention that plaintiffs failed to exhibit their deed to the property when demand for possession was served. This is not an action between landlord and tenant, and the statute in that behalf does not apply. [Tucker v. McClenney, 103 Mo. App. 318, l. c. 322.] Possession had been delivered to plaintiffs before either defendant claimed a right of possession adverse to the rights of plaintiffs. Furthermore, no objection or contention of this character was raised below; and defendants, by their conduct at the time of and prior to services of demand for possession waived any such complaint.

Defendant's point seven reiterates the contention heretofore discussed relative to service of notice, which defendants seem to have

confused with the service of written demand. At any rate the contention has previously been disposed of herein.

Point eight is to the effect that plaintiffs failed to plead and prove their possession of the property within three years prior to the filing of this suit. No demurrer to the petition was filed. There was evidence which was not contradicted that plaintiffs entered into possession and collected rents from Browne prior to Spencer's assertion of title. The contention is without merit.

Complaint is made as to the form of verdict. Plaintiffs did not claim any right to possession of the sixty-four foot square tract whereon is located the garage of Spencer, as shown in the above plat. The verdict and judgment give plaintiffs the right to possession of the remainder of the real estate described in said plat and petition, together with the improvements thereon, and money judgment for the unlawful detainer.

Defendants complain of the giving of the instruction which directed a verdict for plaintiffs; but they do not complain because of any specific grounds. The instruction was properly given, under the undisputed documentary evidence in the case.

Complaint is made that the trial court should not have tried and determined this case until the case of Spencer and Browne v. Smith et al., *supra*, was finally disposed of on appeal. The record shows that the equity case was determined in the lower court and appeal sued out prior to the trial of this case, although this case was actually filed prior to the filing date of the equity case. Defendants herein posted no indemnifying bond and have already received as much equity as the facts disclosed by the evidence in these cases show them to be entitled to receive. [See Spencer and Browne v. Smith, et al., *supra*.]

Complaint is made that certain persons who testified were incompetent witnesses merely because they received title to the leased property from the common source, that is through assignment of G. E. Sharp and his assignees, G. E. Sharp being deceased. The contention is not well made. [Spencer and Browne v. Smith et al., *supra*.]

There are some other numbered assignments but we think they are largely duplications of those herein discussed, and are without merit.

The judgment should be affirmed. *Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. Judgment is affirmed. All concur.